JUNE A. WILLIAMS, PLAINTIFF, v. W. DANIEL WILLIAMS, DEFENDANT.

FEINBERG, DEE & FEINBERG, ESQS., ATTORNEYS FOR DECEASED PLAINTIFF, PETITIONERS, v. W. DANIEL WILLIAMS, RESPONDENT.

Argued November 24, 1970—Decided September 10, 1971.

*Mr. Richard J. Feinberg* argued the cause for petitioners (*Messrs. Feinberg, Dee & Feinberg,* attorneys *pro se; Mr. Richard J. Feinberg,* on the brief).

*Mr. Paul J. Feldman* argued the cause for respondent (*Mr. Charles Frankel,* attorney; *Mr. Feldman,* on the brief).

PER CURIAM: Following the death of plaintiff-wife during the pendency of a matrimonial action, her attorneys sought an award of counsel fees for legal services rendered to her and costs incurred on her behalf prior to her death. The trial court, relying on *Sutphen v. Sutphen,* 103 *N. J. Eq.* 203 (Ch. 1928), denied the application. It concluded that the wife's claim to an award of counsel fees and costs, like the matrimonial action, had abated at her death and could not thereafter be pressed in her favor. From the decision of the trial court, petitioners appealed to the Appellate Division. On petitioners' motion, we certified the matter before argument there. *R.* 2:12–2.

In *Sutphen v. Sutphen, supra,* the wife brought suit for divorce, applying early in the action for alimony and counsel fees *pendente lite.* By agreement of the parties, however, the court postponed consideration of the application for suit moneys pending a final hearing of the cause. The court determined that the wife was entitled to a decree of divorce. It referred the unresolved issue of counsel fees and alimony to a special master, expressly reserving jurisdiction to make a further order respecting such moneys upon receipt of the master's findings. The wife, however, died before the master's hearings were completed; and, the master refused to proceed further in the matter. The wife's executrix then sought to revive the action, seeking an award of counsel fees for services rendered the deceased prior to death, costs incurred prior to death and alimony from the commencement of the suit to the date of death.

In declining to grant the executrix's motion with respect to counsel fees and costs, the *Sutphen* court pointed to *Seibert v. Seibert,* 86 *A.* 535 (E. & A. 1912) (oral opinion; not officially reported), saying:

> [There], the defendant wife appealed from a decree *nisi* and obtained an order from the Court of Errors and Appeals which, *inter alia,* reserved to her the right to apply later for alimony pending the appeal, and for counsel fees. She died before the appeal was heard, but after counsel had performed services, and counsel applied for an allowance for such services. It was held that no such order could be made, notwithstanding the reservation in the first order, because the suit had abated by the wife's death.

103 *N. J. Eq.* at 206. Relying in part on the *Seibert* holding, the *Sutphen* court reasoned that the wife's claim to these moneys was, like her claim to a permanent alimony award, a personal right, which abated at her death and could not be revived in favor of her estate.

In our view, the *Sutphen* court's equation of permanent alimony with counsel fees and costs is plainly wrong. In the counsel fee and cost situation, such as presented here, unlike the situation where an award of permanent alimony is

sought after the wife's death, her death does not extinguish the need for the award. Her estate remains liable to the attorney as the contracting party and the only consequence of the abatement doctrine is to relieve the husband of any liability for such moneys. We think the exemption of the husband in such circumstances is unfair and incompatible with the policy underlying the grant of counsel fees and costs.

Under our practice, the award of counsel fees and costs in a matrimonial action rests in the discretion of the court. *Handelman v. Handelman,* 17 *N. J.* 1, 7 (1954); *Morrissey v. Morrissey,* 1 *N. J.* 448 (1949), *overruled on other grounds, Meeker v. Meeker,* 52 *N. J.* 59 (1968); *Lasasso v. Lasasso,* 1 *N. J.* 324 (1949); *Wheeler v. Wheeler,* 48 *N. J. Super.* 184, 191–195 (App. Div. 1957); *R.* 4:42–8; *R.* 4:42–9(a)(1). In deciding whether a wife is entitled to counsel fees and costs, our courts focus on several factors, including the wife's need, the husband's financial ability to pay and the wife's good faith in instituting or defending the action. 3 *Nelson, Divorce and Annulment* (2d ed. 1945), at pp. 215–220. *Cf. Capodanno v. Capodanno,* 58 *N. J.* 113 (1971); *Khalaf v. Khalaf,* 58 *N. J.* 63 (1971). Those factors being met, it is the policy of our law that counsel fees and costs in matrimonial actions are properly the obligation of the husband and he should be compelled to furnish them to the wife. In this respect, counsel fees and costs are not unlike other categories of "necessaries," which the law compels the husband, the usual repository of family finances, to furnish to the wife. 3 *Nelson, supra,* at pp. 216, 231–32. *See generally* Annot., Husband & Wife—Legal Services—Divorce, 25 *A. L. R.* 354 (1923); 41 *C. J. S.* Husband and Wife § 60, p. 526 (1944).

In the instant case, there is no dispute that had the litigation proceeded to final judgment, plaintiff-wife would have been entitled to an award of counsel fees and costs. The record is clear that plaintiff-wife was without independent means to prosecute the action; that defendant had the financial ability to pay; that the action was instituted in good

faith; and that petitioners had undertaken to prosecute the action and incurred costs on behalf of plaintiff-wife in expectation of an award. The only question then is whether the intervention of the wife's death should shift the burden of this expense from the husband to the wife's estate, as the contracting party, and ultimately to petitioners, since the wife died destitute. We think it clear that the burden should not be so shifted. There is no logical reason why the wife's untimely demise should relieve the husband of an obligation which as a matter of policy and justice he ought to bear. Such is not the case with other categories of necessaries and there is no good reason to treat the wife's claim to an award of counsel fees and costs differently in this respect. We are, therefore, of the view that the trial court's conclusion that the wife's claim for counsel fees and costs in circumstances such as presented in the instant case abates at her death is erroneous; and, insofar as *Sutphen* and *Seibert* may be read to mandate such a result, they are accordingly overruled. We note, in passing, that other courts have reached the same conclusion. *Spiro v. Spiro,* 124 *Ill. App. 2d* 254, 260 *N. E. 2d* 332 (1970); *Ballard v. Caperton,* 59 *Ky.* (2 Met.) 412 (1859); *Gunther v. Gunther,* 301 *S. W. 2d* 207 (Tex. Civ. App. 1957).

Defendant, however, contends that petitioners' application should be denied because petitioners did not substitute the wife's estate for the deceased plaintiff but rather sought an award directly to themselves. This, he argues, was improper because counsel have no standing to seek any award directly to themselves.

We disagree. In our view, petitioners have standing as unpaid solicitors. Our cases recognize that while counsel fees and costs are awarded to the litigant, they properly "belong" to counsel and the allowances are to be held in trust for the attorneys who furnished the services. *Kristeller v. First Nat. Bank,* 119 *N. J. L.* 570 (E. & A. 1938); *Teaneck Township v. Mercer,* 122 *N. J. L.* 546 (Sup. Ct. 1939), *aff'd,* 124 *N. J. L.* 120 (E. & A. 1940); *Klein v. Journal Square Bank*

*Bldg. Co.,* 114 *N. J. Eq.* 510 (Ch. 1933); *Columbia Ins. Co. v. Artale,* 112 *N. J. Eq.* 505, *aff'd,* 114 *N. J. Eq.* 268 (E. & A. 1933); *Flavell v. Flavell,* 15 *N. J. Misc.* 167 (Ch. 1937). Thus, the attorney is a party in interest to that extent. Here, there is no possibility of recovery from the decedent's estate; and, unless petitioners are allowed to press their application, they will go uncompensated and defendant will be unjustly enriched to that extent. In such circumstances, we think it clear that petitioners should be allowed to proceed in their own right.

We are therefore of the view that petitioners' application for costs and counsel fees should have been granted. The only remaining question is what amount of counsel fee should be allowed. Petitioners seek the sum of $2,500 for their efforts at the trial level and an additional $1,800 for their efforts on this appeal. The record indicates that a great deal of time and effort was expended by petitioners. Under the circumstances, both sums are reasonable. Defendant's means are ample to support those awards.

The judgment of the trial court is reversed; and it is ordered that defendant pay the petitioners the amount of $4,300 plus costs.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, HALL, SCHETTINO and HANEMAN.—5.

*Opposed*—None.