ROSE K. CROWE, A/K/A ROSE K. DE GIOIA, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. SERGIO DE GIOIA, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Argued February 3, 1986—Decided March 12, 1986.

*Gary N. Skoloff* argued the cause for appellant and cross-respondent (*Skoloff and Wolfe,* attorneys).

*Anthony B. Vignuolo* argued the cause for respondent and cross-appellant (*Borrus, Goldin, Foley, Vignuolo, Hyman, and Stahl,* attorneys; *Anthony B. Vignuolo, Martin S. Goldin, and Leslie Jeddis Lang,* on the brief).

PER CURIAM.

The judgment of the Appellate Division is affirmed, substantially for the reasons expressed in the opinion of Judge Long, reported at 203 *N.J.Super.* 22 (1985).

STEIN, Justice, concurring in part and dissenting in part.

I agree with the Court's disposition of all of the issues in this litigation, except for its affirmance of the Appellate Division's determination that the trial court was precluded from awarding a counsel fee to plaintiff.

As noted by the Appellate Division, the trial court found that defendant had agreed to support Mrs. Crowe for the remainder of her life in consideration of her performance of a variety of services during the twenty years that she lived with him. The trial court established an appropriate annual-support figure. The court then arrived at a one-time lump-sum judgment in an amount predicated upon the present value of the reasonable future support defendant promised to provide, computed by reference to plaintiff's life expectancy as shown by the tables referred to in Rule 1:13–5.

Plaintiff applied to the trial court for an award of counsel fees. At the conclusion of the trial, her counsel fees amounted to approximately $55,000 or about one-third of her lump-sum award. The trial court clearly expressed its regret over its perceived lack of discretion to award counsel fees:

> In my heart I would love to give you a counsel fee * * * I really would. Because I feel that obviously Mr. * * * DeGoia [sic] did in fact make a promise. I think it's a promise he reneged upon. * * * I think it's his actions * * * his

inaction or lack of desire to stick by the express promise that caused the trial of this case.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

I am very torn by the counsel fee. I can appreciate the fact the amount of money I've awarded Mrs. Crowe really doesn't consider a counsel fee in it.

\* \* \* I have fairly tried to judge her needs as against her life expectancy, and \* \* \* I honestly don't think I've put any grass in there \* \* \* and obviously Mr. Goldin is entitled to be paid. He's done a lot of work on this particular file.

If this was a marriage situation, he certainly would get a counsel fee in this particular case based on a number of factors, A, the fact that he was forced to try the case because Mr. DeGioia would not concede his position, and he won, at least he's won so far.

No. 2, the parties have a very unequal economic situation.

No. 3, I don't think Mrs. Crowe can afford to pay Mr. Goldin, but I don't see any authority for me to award a counsel fee in this case. The only thing I can possibly hang my hat on is that this is a Court of Equity and equity cries out for Mr. DeGioia to pay Mr. Goldin's counsel fee.

The Appellate Division reviewed the Rule changes enacted in 1983 regarding the new Family Part and the correlative amendments to the counsel-fee Rule, *R.* 4:42–9, but concluded that our Court's prior decision, *Crowe v. DeGioia,* 90 *N.J.* 126, 136 (1982) (*Crowe I*), precluded an award of counsel fees because an action for support between unmarried cohabitants is a "nonmatrimonial action." 203 *N.J.Super.* 22, 38–39 (1985).

I do not regard our holding in *Crowe I* as to the availability of counsel fees *pendente lite* to be determinative of the issue now before us. That issue should be resolved in the context of the significant amendments to the Rules of Court that have occurred since our decision in *Crowe I.*

In establishing the Chancery Division, Family Part, we adopted Rule 5:1–2, which defines that court's jurisdiction as follows:

The following actions shall be cognizable in the Family Part:

(a) Civil Family Actions Generally. All civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought in the Family Part. Such actions shall include all actions and proceedings provided for in Chapters II and III of Part V; all civil actions and proceedings formerly designated as matrimonial actions; all civil actions and proceedings formerly cognizable in the Juvenile and Domestic Relations Court;

and all other civil actions and proceedings unique to and arising out of a family or a family-type relationship. [Emphasis added.]

In addition, because the prior counsel-fee Rule referred to an award of counsel fees in a "matrimonial action" as previously defined in Rule 4:75, a Rule deleted in December 1983 and replaced by the new Part V, we amended Rule 4:42–9(a)(1) in order to take into account the establishment of the Family Part and coordinate its jurisdiction with the counsel-fee Rule. The amended counsel-fee Rule provides in part as follows:

(a) Actions in Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except

(1) *In a family action*, the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for divorce, nullity, support, alimony, custody, visitation, equitable distribution, separate maintenance and enforcement of interspousal agreements relating to family type matters. Any pendente lite allowance may include a fee based upon an analysis of prospective services to be performed. [*R.* 4:42–9(a)(1).]

The Comments to Rule 5:1–2 plainly demonstrate that an action for support between unmarried cohabiting adults is one cognizable by the Family Part of the Chancery Division and, accordingly, constitutes a "family action," which is encompassed by the amended counsel-fee Rule:

It is the apparent intent of the Rule to include within this category of undefined family actions support and property claims among persons who constitute their relationship in a manner comparable to marriage but who are not married to each other. Presumably this category will include unmarried cohabiting adults whether or not of the same sex and children who are part of their households. [Pressler, *N.J. Court Rules* at 1060 (1985).]

Therefore, the specific question that we must decide is whether the reference in Rule 4:42–9(a)(1) to the words "claim for * * * *support* * * * *" is restricted to actions for support among married persons. Read literally, the Rule does not call for so narrow a construction. The claim of Mrs. Crowe in this case was pursued as a breach-of-contract action to enforce defendant's agreement to support her for the remainder of her life. Accordingly, it can fairly be denominated as a claim for support

in a family action, thereby encompassed within the discretionary authority conferred by the counsel-fee Rule.

The Comments to the amended Rule 4:42–9 and the new Rule 5:1–2 are inconclusive as to the intent of the amendment. In pertinent part, the Comment to Rule 4:42–9 states:

> This paragraph of the rule was amended effective December 31, 1983, to define those family actions in which counsel fees are allowable. This became necessary in view of the then deletion of R. 4:75, which had defined matrimonial actions. The intent of this amendment is to permit counsel fee awards in family actions only to the extent previously permitted by R. 4:75. [Pressler, *N.J. Court Rules* at 845 (1985).]

In comparison, the Comment to Rule 5:1–2 states:

> The question is apparently still open as to whether the so-called "palimony" case is a family action in which a counsel fee will be available. See *Crowe v. DeGioia*, 90 *N.J.* 126 (1982), and see also *Apollo v. Kim Anh Pham*, 192 *N.J. Super.* 427 (Ch. Div.1983). [Pressler, *N.J. Court Rules* at 1063 (1985).]

A fair reading of the new Family-Part Rule and the amended counsel-fee Rule is that the question of the availability of counsel fees in a support action between unmarried cohabitants was not resolved by the Rule changes. Accordingly, it is for this Court to determine whether the objectives of Rule 4:42–9 would be offended by an interpretation that permits a trial court, in its discretion, to award counsel fees in appropriate cases involving unmarried cohabitants.

Although the practice of awarding counsel fees in matrimonial actions had its historical origins in our chancery courts, the discretion of the chancery courts regarding counsel fees was superseded as a result of the rulemaking power granted to the Supreme Court by the 1947 Constitution. As we noted in *State v. Otis Elevator*, 12 *N.J.* 1 (1953):

> From the outset in New Jersey, following English precedents, the allowance of costs and counsel fees had been uniformly considered by the courts of this State to be a matter of procedure rather than of substantive law. In accordance with this uniformly accepted view the Supreme Court, in the exercise of the rulemaking power over practice and procedure granted it by *Article VI, Section II, paragraph 3* of the *Constitution of 1947*, promulgated *Rule* 3:54–7 relating to counsel fees to be effective September 15, 1948, coincidentally with the Judicial Article of the Constitution. *Rule* 3:54–7 in its original form provided that no fee for legal services should be allowed in the taxed costs or otherwise, except in (a) matrimonial actions, (b) out of a fund in court, (c) in uncontested actions for the foreclosure of mortgages, or (d) "as provided by these rules or by law

with respect to any action, whether or not there is a fund in court." On January 21, 1949, paragraph (d) of the rule was amended by adding the qualification that "the authority, heretofore vested in the Court of Chancery for the granting of counsel fees in causes generally, is hereby superseded." [*Id.* at 5–6 (citations omitted).]

Nevertheless, in applying our Rules governing the award of counsel fees in matrimonial actions, we have been guided by the same factors that impelled the award of counsel fees in our chancery courts. Under our practice, which has been followed since the mid-1800s,

the award of counsel fees and costs in a matrimonial action rests in the discretion of the court. *Handelman v. Handelman,* 17 *N.J.* 1, 7 (1954); *Morrissey v. Morrissey,* 1 *N.J.* 448 (1949), *overruled on other grounds, Meeker v. Meeker,* 52 *N.J.* 59 (1968); *Lasasso v. Lasasso,* 1 *N.J.* 324 (1949); *Wheeler v. Wheeler,* 48 *N.J. Super.* 184, 191–195 (App.Div.1957); *R.* 4:42–8; *R.* 4:42–9(a)(1). In deciding whether a wife is entitled to counsel fees and costs, our courts focus on several factors, including the wife's need, the husband's financial ability to pay and the wife's good faith in instituting or defending the action. 3 *Nelson, Divorce and Annulment* (2d ed. 1945), at pp. 215–220. *Cf. Capodanno v. Capodanno,* 58 *N.J.* 113 (1971); *Khalaf v. Khalaf,* 58 *N.J.* 63 (1971). Those factors being met, it is the policy of our law that counsel fees and costs in matrimonial actions are properly the obligation of the husband and he should be compelled to furnish them to the wife. In this respect, counsel fees and costs are not unlike other categories of "necessaries," which the law compels the husband, the usual repository of family finances, to furnish to the wife. 3 *Nelson, supra,* at pp. 216, 231–32. *See generally* Annot., Husband & Wife— Legal Services—Divorce, 25 *A.L.R.* 354 (1923); 41 *C.J.S.* Husband and Wife § 60, p. 526 (1944). [*Williams v. Williams,* 59 *N.J.* 229, 233 (1971).]

*See Marker v. Marker,* 11 *N.J. Eq.* 256, 258 (Ch. 1856); *Shaffer v. Shaffer,* 154 *N.J.Super.* 491, 494 (App.Div.1977).

In a suit between unmarried cohabitants, recovery of support depends on proof of the existence of an agreement between the parties. *Kozlowski v. Kozlowski,* 80 *N.J.* 378, 387 (1979). However, once such an agreement has been established, as it has in this case, the factors pertinent to the claimant's need for an award of counsel fees are virtually indistinguishable from the factors that are controlling in a matrimonial action. Although reluctantly declining to grant counsel fees, the trial court in this case reviewed the appropriate factors including the plaintiff's need, the defendant's ability to pay, and the good faith of both parties in instituting or defending the action. *Williams v. Williams, supra,* 59 *N.J.* at 233

Rule 4:42–9(a)(1) commits the award of counsel fees in a family action to the discretion of the trial court. I can perceive no substantial reason why this Court should construe its own Rules, which, read literally, would permit an award of counsel fees in a support action involving unmarried cohabitants, so narrowly as to prohibit a trial court from exercising its discretion to determine if, based on the material facts, a counsel-fee award is appropriate. We recognized in *Crowe I* the substantial similarity, in the issues and proofs involved, between matrimonial litigation and suits involving unmarried cohabitants. For that reason we remanded this case for trial to the Chancery Division, reversing the Appellate Division's decision that the case, as a contract action, should be tried in the Law Division. *Crowe I, supra,* 90 *N.J.* at 138 We reinforced our conclusion that these cases are analogous to matrimonial litigation by including them within the jurisdiction of the new Family Part. *R.* 5:1–2. Consistently, we should now recognize that in *some* cases involving unmarried cohabitants the need for a counsel-fee award may be just as compelling as it is in most matrimonial cases, requiring the proper exercise of a trial court's discretion to determine the appropriateness of such an award.

Such recognition would neither demean marriage nor exalt unmarried cohabitation. It would simply reflect a pragmatic acknowledgment that after a prolonged cohabitation, whether solemnized by marriage or not, one party's economic condition may be so dependent on the other party as to make the availability of a counsel-fee award a virtual prerequisite to judicial relief. In a matrimonial action, a wife who must sue to enforce her statutory right of support may be entitled to an award of counsel fees so that the support to which she is lawfully entitled is not substantially diluted by the legal expenses incurred to enforce her right. There is scant justification for our Court Rules to treat differently an unmarried cohabitant, similarly situated, seeking to enforce a contractual rather than a statutory right of support. In a matrimonial case

we acknowledge the need for trial courts to be able to award counsel fees, in their discretion, to avoid inequitable results. The same discretionary power should be available in litigation between unmarried cohabitants where the facts and circumstances, as in this case, require a counsel-fee award to avoid an unjust result.

The Court would be well advised to heed the admonition of Justice Jacobs, expressed in dissent two decades ago in *Grober v. Kahn*, 47 *N.J.* 135 (1966):

> A rigid approach would perhaps have been understandable in the days immediately following constitutional revision when the abuses in Chancery were viewed as a continuing threat. But that was almost two decades ago, Chancery has become but a fading memory, and we are now confronted with more troublesome problems which call for comprehensive restudy of [the counsel-fee Rule]. In the meantime, the rule should be administered with a proper measure of equitable flexibility and with full recognition that here, as elsewhere, "justice is a polestar." [*Id.* at 155 (citations omitted).]

Accordingly, I would construe Rule 4:42–9(a)(1) to permit the trial court, in its discretion, to allow counsel fees in actions for support between unmarried cohabitants. In this respect, I respectfully dissent from the Court's affirmance of the judgment of the Appellate Division. I would remand to the trial court for consideration of the counsel-fee issue.

*For affirmance* —Justices CLIFFORD, HANDLER, POLLOCK, O'HERN and GARIBALDI—5.

*Opposed*—None.