231 N.J. Super. 31 (1989)
555 A.2d 2
PATRICIA MUGAN, PLAINTIFF-RESPONDENT,
v.
ALLEN MUGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1989.
Decided February 21, 1989.
*32 Before Judges GAULKIN, BILDER and R.S. COHEN.
Daggett & Kraemer, attorneys for appellant (Brian E. Tierney, on the brief).
Ann W. Housner, attorney for respondent.
The opinion of the court was delivered by BILDER, J.A.D.
On October 22, 1987 the Chancery Division, Family Part, entered a final order under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-13(b), barring defendant from the marital home or any contact with his wife. The same order required payment of $120 per week as well as household, medical, dental, mortgage and utilities (except telephone) expenses. Defendant appeals from that final order as well as an order of January 19, 1988 denying his motion to set aside the earlier order. He contends the Act does not authorize the support orders entered  provisions which he likens to pendente lite orders in divorce proceedings.
N.J.S.A. 2C:25-13(b)(6) provides:
(6) An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. Compensatory losses shall include, but not be limited to, loss of earnings or support, out-of-pocket losses for injuries sustained, moving expenses, reasonable attorney's fees and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages; [Emphasis added.]
Defendant's attack is based on the predicate that support for the victim is not a loss suffered as a direct result of the act of domestic violence and is, therefore, not authorized by the statute. *33 We disagree. When a defendant's violent acts result in his removal from the marital residence and bar contact with his wife, this may well cause the loss to her of the funds necessary to maintain herself and the house. Such consequences are as direct as the removal. That the Legislature did not intend victims of domestic violence to be discouraged by a threat of financial distress is made abundantly clear in all the powers granted by N.J.S.A. 2C:25-13(b).[1] In construing a statute, words must be considered in the context of the entire Act and given a common sense meaning which advances the legislative purpose. See Cressey v. Campus Chefs, Div. of CVI Service, Inc., 204 N.J. Super. 337, 342-343 (App.Div. 1985). The Act permits provision for any ongoing expenses which may remain unpaid during the period of the restraint. We hasten to add, however, that the support order authorized by the Act is intended to bridge the emergent situation and not to be a substitute for other more orderly procedures for support. Nor does it create support obligations which did not exist before.
Defendant also points out that the court used a form order which inappropriately refers to child support. This is unfortunate but is a purely procedural matter which can be readily cured by a nunc pro tunc amendatory order. If defendant wishes such a correction he may apply to the trial judge and obtain one. The critical factor is that plaintiff is to receive $120 per week as her support.
AFFIRMED.
NOTES
[1] "Other than fear, economic dependence may be the single most important reason why women stay in the battering situations. Thus, financial assistance must be readily available if an abused woman is to have the option of leaving her husband." New Jersey Advisory Committee to the United States Commission on Civil Rights, Battered Women in New Jersey, 26 (1981) (a report employed by the Legislature in drafting N.J.S.A. 2C:25-13(b); see Senate Judiciary Committee of New Jersey, Statement to Senate Committee Substitute for S. No. 3127 (1981)).