242 N.J. Super. 452 (1990)
577 A.2d 185
JOHN P. MAKSUTA, PLAINTIFF-APPELLANT,
v.
AGNES V. HIGSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1990.
Decided July 12, 1990.
*453 Before Judges O'BRIEN, HAVEY and STERN.
Jesse Moskowitz argued the cause for appellant (Jesse Moskowitz on the brief and reply brief).
Robert C. Rivas argued the cause for respondent (Bergen County Legal Services, attorneys; Robert C. Rivas on the brief).
The opinion of the court was delivered by STERN, J.A.D.
After the parties had cohabited as unmarried persons for twenty-eight years and had two teenage children,[1] plaintiff filed a complaint in the Family Part under the Domestic Violence *454 Act, N.J.S.A. 2C:25-1 et seq., and obtained an order removing defendant from their mutual residence. By judgment of August 7, 1989, plaintiff was directed to pay defendant "a sum of not less than $1,000 per month, as and for her separate housing and maintenance" and by order of September 7, 1989, defendant was awarded a counsel fee of $2,000. Plaintiff appeals from the monetary awards; defendant does not appeal from the order removing her from the house. There was never any counterclaim filed by defendant alleging domestic violence by plaintiff. We remand for further proceedings.
Plaintiff contends that under Section 13b of the Domestic Violence Act, N.J.S.A. 2C:25-13b, only a "defendant" can be ordered to pay a "victim monetary compensation for losses suffered as a direct result of the act of domestic violence." See N.J.S.A. 2C:25-13b(6). See also N.J.S.A. 2C:25-13b(3), (5). Plaintiff asserts that the statute is clear: he is the "plaintiff" and the "victim"; defendant is the "defendant". Although no counterclaim was filed, it appears that the trial judge found that plaintiff was also involved in committing acts of violence and that defendant was also a "victim" within the meaning of N.J.S.A. 2C:25-3e as a "cohabitant who alleges having been subjected to domestic violence."[2] In fact, the court found "by a preponderance of the evidence that each of these parties has perpetrated violence on the other." The "order for removal, maintenance, visitation and other relief," entered on August 7, 1989, provides "that both parties had committed acts of domestic violence, each against the other."
The Domestic Violence Act provides for proceedings which may be relatively informal. They are to be held in the Family Part of Superior Court, see N.J.S.A. 2C:25-12, -13, expeditiously and frequently are conducted without the formality of counsel. Accordingly, the ability to enter an order for support should not turn on whether a counterclaim has been filed or on *455 other technicalities. As there is support in the record for the finding that defendant, as well as plaintiff, was a "victim", we cannot upset the order requiring plaintiff to support the defendant in order that she has the means of maintaining herself. See Mugan v. Mugan, 231 N.J. Super. 31, 33, 555 A.2d 2 (App.Div. 1989).
The difficulty in this case, however, is that the court entered what appears to be a permanent support order, and did so in a case involving an unmarried couple. However, as we said in Mugan:
When a defendant's violent acts result in his removal from the marital residence and bar contact with his wife, this may well cause the loss to her of the funds necessary to maintain herself and the house. Such consequences are as direct as the removal. That the Legislature did not intend victims of domestic violence to be discouraged by a threat of financial distress is made abundantly clear in all the powers granted by N.J.S.A. 2C:25-13(b). In construing a statute, words must be considered in the context of the entire Act and given a common sense meaning which advances the legislative purpose. See Cressey v. Campus Chefs, Div. of CVI Service, Inc., 204 N.J. Super. 337, 342-343, 498 A.2d 1274 (App.Div. 1985). The Act permits provision for any ongoing expenses which may remain unpaid during the period of the restraint. We hasten to add, however, that the support order authorized by the Act is intended to bridge the emergent situation and not to be a substitute for other more orderly procedures for support. Nor does it create support obligations which did not exist before. [231 N.J. Super. at 33, 555 A.2d 2 (footnote omitted and emphasis supplied)].[3]
Moreover, as the parties are not married, there is no entitlement to alimony or equitable distribution, see Crowe v. DeGioia, 90 N.J. 126, 132, 447 A.2d 173 (1982) and 203 N.J. Super. 22, 495 A.2d 889 (App.Div. 1985) aff'd o.b. 102 N.J. 50, 505 A.2d 591 (1986); Kozlowski v. Kozlowski, 80 N.J. 378, 383, 403 A.2d 902 (1979), and "an agreement between adult parties living together is enforceable to the extent it is not based on a relationship proscribed by law, or on a promise to marry." Id. *456 at 387, 403 A.2d 902. The damages to which an unmarried party may be entitled are based on the breach of contract, which in Kozlowski was said to be a "one-time lump sum judgment in an amount predicated upon the present value of the reasonable future support defendant promised to provide." Id. at 388, 403 A.2d 902.[4]
The record in this case contains insufficient development of the breach of contract theory and insufficient fact-finding to sustain it. Moreover, plaintiff contends that he had a lack of notice of the "palimony" claim. This is understandable in light of the absence of any counterclaim and development of the issue by defendant in her testimony.
Accordingly, we affirm the monetary award, as one for temporary support embodied in the order of August 7, 1989, but it shall be terminated, and we remand for further proceedings relating to a monetary recovery on a palimony claim after adequate notice, proper pleadings and discovery. Cf. Mohamed v. Mohamed, 232 N.J. Super. 474, 477, 557 A.2d 696 (App.Div. 1989). All issues regarding counsel fees should abide the final determination. See N.J.S.A. 2C:25-13b(6); but see Crowe v. DeGioia, 203 N.J. Super. 22, 37-40, 495 A.2d 889 (App.Div. 1985) aff'd o.b., 102 N.J. 50, 505 A.2d 591 (1986) with respect to a "palimony" claim.
The counsel fees awarded are reversed. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Defendant testified that she raised seven children in plaintiff's house, including four from plaintiff's prior marriage. She claimed that the domestic problem resulted from plaintiff's relationship with his "secretary" in their house and in her presence. The proofs presented by plaintiff reflected that defendant became an alcoholic.
[2] "Cohabitants" is defined in N.J.S.A. 2C:25-3a.
[3] We do not conclude that upon proper notice the Family Part cannot conduct a single hearing which, for the convenience of the parties and reasons of judicial economy, resolves all issues including temporary and permanent support obligations. See Tevis v. Tevis, 79 N.J. 422, 434, 400 A.2d 1189 (1979); R. 5:1-2(a).
[4] However, at least where no danger of domestic violence is involved, the Family Part can enjoin the unmarried cohabitant's eviction in appropriate circumstances where he or she may prevail on the merits. See Crowe v. DeGioia, supra, 90 N.J. at 133, 447 A.2d 173.