606 A.2d 452

SOPHIA FEDEROW, PLAINTIFF–RESPONDENT, v. GEORGE FEDEROW, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 6, 1992—Decided May 7, 1992.

Before Judges R.S. COHEN, A.M. STEIN and KESTIN.

*James J. Rea, Jr.*, attorney for appellant.

No brief was filed on behalf of respondent.

The opinion of the court was delivered by

KESTIN, J.S.C. (temporarily assigned).

On February 18, 1985, in a final order under the authority of the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–1 *et seq.*, the defendant was ordered to pay $75.00 per week spousal support to the plaintiff. On March 20, 1991, the Monmouth County Probation Department served defendant with a notice of motion to enforce litigant's rights. After a hearing, the motion judge found that an arrearage of $12,005.00 existed. He found further that the defendant had a net worth of approximately $750,000.00. Judgment was entered for $12,-005.00, along with an order for payment within thirty days upon failure of which a bench warrant would issue. The $75.00 per week support order was continued on two-week warrant status.

Citing *Mugan v. Mugan*, 231 *N.J.Super.* 31, 555 *A.*2d 2 (App.Div.1989), the defendant frames the issue on appeal as follows:

THE TRIAL COURT ERRED IN AWARDING ARREARAGES TO PLAINTIFF SINCE THE DOMESTIC VIOLENCE ACT IS NOT A VEHICLE TO BE USED TO CREATE SUPPORT OBLIGATIONS ON THE PART OF THE DEFENDANT WHEN SUCH OBLIGATIONS DO NOT EXIST.

Contrary to the gist of the defendant's argument, we held in *Mugan* that spousal support is an available remedy under *N.J.S.A.* 2C:25–13(b) of the Prevention of Domestic Violence Act.[1] Defendant focuses on the caveat which we articulated:

[T]he support order authorized by the act is intended to bridge the emergent situation and not to be a substitute for other more orderly procedures for

---

[1]Amendments effected by the Prevention of Domestic Violence Act of 1991, *L.* 1991, *c.* 261, *N.J.S.A.* 2C:25–17, *et seq.*, appear not to have narrowed the statutory language upon which this ruling was based.

support. Nor does it create support obligations which did not exist before. [*Mugan*, at 33.]

This gloss is not to be taken as a basis for automatic cancellation of the spousal support obligation after a period of time has expired, as the defendant contends.

Here, an order had been entered obligating this defendant to pay $75.00 per week. Instead of moving to have that order vacated or modified, it appears that the defendant undertook to ignore it for nearly half of the period from the date of its entry until the date of judgment on the arrearage.[2] Eventually, the Monmouth County Probation Department, which had the responsibility to collect on behalf of the plaintiff, filed its motion to enforce litigant's rights.

The payor on an order for spousal support entered in an emergent situation without detailed evaluation of the financial resources or circumstances of the parties, should be able to obtain a fuller consideration of relevant factors without great difficulty, simply by moving for vacation or modification of the order. It is not reasonable for the payor to assume that the obligation will disappear if it is ignored long enough. Support orders are entered with the expectation that they will be obeyed. Mechanisms are in place for their enforcement where compliance does not occur. It is incumbent upon a party against whom an order is entered to take some affirmative step to deal with it, either by discharging the obligation or by moving for relief from the order. The initiative must be taken by the party against whom the order runs.

The defendant argues that the extended delay in enforcement of the order constitutes a waiver. We reject so generalized an attack, as we would the suggestion that defendant's delay in moving for relief constitutes a waiver of his right to receive a

---

[2]The period from February 18, 1985, the date of entry of the order, until May 14, 1991, the date of entry of the judgment, was 325 weeks. The defendant's total obligation at $75.00 per week amounted to $24,375.00. The motion judge found an arrearage in the amount of $12,005.00.

modification of the spousal support order or an arrearage adjustment on motion if such relief is otherwise warranted.

This defendant took no action adequate to protect his rights, either during the six-year pendency of the order or in contemplation of the hearing on the Probation Department's motion. In the absence of a cross-motion to vacate, modify or adjust, on notice to the adversary, an enforcement proceeding is not an occasion for raising issues concerning one party's support needs or the other party's support obligations. The motion judge in this matter conducted a hearing entirely appropriate to the questions before him on the enforcement motion. He determined, based upon substantial evidence in the record, that there were no grounds for excusing the defendant from discharging his accumulated court-ordered obligation.

Affirmed.