280 N.J. Super. 272 (1994)
655 A.2d 95
ANDREW KOZAK, PLAINTIFF,
v.
DIANA KOZAK, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Camden County.
Decided September 28, 1994.
Amended October 19, 1994.
*273 Andrew Kozak, for the plaintiff pro se.
Edward P. Epstein, for defendant Diana Kozak.
*274 PAGE, P.J.F.P.
This matter involves the misuse of postjudgment motions and abuse of the judicial process. This court considers its ability to review the motions filed and determines from the papers presented the lack of sufficient merit to warrant the hearing of oral argument under R. 5:5-4.
The plaintiff, Andrew Kozak, with his most recent motions, requests again that this judge recuse himself and that the judge undergo comprehensive psychiatric and drug abuse evaluations. He demands a plenary hearing to determine Mrs. Kozak's mental and psychological fitness to be the custodial parent of their minor daughters and the ethical and mental fitness of her attorney to act as her counsel. He also requests reconsideration of his August 19, 1994 motion for approval of his right to die.
R. 5:5-4 in part provides that "the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions." The subjects included in these motions by Mr. Kozak are substantive and would ordinarily be permitted oral argument. However, this court will not permit the use of oral argument in such proceedings to work an "injustice" upon all concerned. R. 1:1-2. The appellate review of this court's decisions remains fully available to Mr. Kozak even though his request for oral argument of the instant motions is deemed an unnecessary expense. The court is not limiting either party "from seeking future relief from the court in respect of any other matters." D'Amore v. D'Amore, 186 N.J. Super. 525, 453 A.2d 251 (App.Div. 1982). This court stands ready, willing and able to provide oral argument under R. 5:5-4 for either party on any legitimate motion request.
The legal conflict between these parties began with the filing of a Prevention of Domestic Violence Complaint on July 17, 1991. This resulted in the entry of an order on October 10, 1991 restraining Mr. Kozak.[1] He violated the restraining order and *275 was convicted of criminal contempt, fined and placed on probation for continuing to harass Mrs. Kozak.[2] Subsequently he was again found in violation of the restraining order by continuing his course of conduct of threats and harassment against Mrs. Kozak.[3] Mr. Kozak filed for divorce; a number of motions and other hearings were held with Mr. Kozak represented by three different counsel and finally appearing pro se. Prior to trial of the divorce complaint, the case was assigned to a second judge for trial. The divorce trial was then fully litigated before that judge, ending on May 11, 1993. That court issued a written opinion and final judgment of divorce.[4] After personal attacks by Mr. Kozak directed at the judge, this court undertook the hearing of all matters involving the Kozak family. Ten motions have been filed in 1994. Mrs. Kozak has had to file five motions just to enforce her litigant's rights. A number of these matters are on appeal, including the trial court's original determinations and the final judgment of divorce.
After reviewing the papers presented, clearly there is no basis alleged by Mr. Kozak whatsoever to grant the relief requested. His request that this court recuse itself has been made and denied on at least two prior occasions (May 20, 1994 and August 9, 1994) and there are no additional reasons presented to support this repetitive motion. The remaining motions, that this judge and Mrs. Kozak undergo psychiatric evaluations and that the court hold a hearing as to her and her attorney's fitness, are totally without merit and unsupported by any recent or relevant allegations.
It appears that Mr. Kozak is seeking to use the motion practice for improper purposes and other personal reasons. He abuses the judicial process by filing these motions in order to intimidate Mrs. *276 Kozak and the court and provide a public stage upon which to perform and present his allegations of impropriety. In prior motion hearings held by this court, Mr. Kozak has brought his own audience, comprised primarily of persons who have been dissatisfied with family court orders which impose obligations for child support, custody and visitation. During the course of these arguments he frequently turns away from the court to make comments, gestures and remarks to his audience or seeks to question the court and conduct his own cross-examination of the judge. The use of motions and in-court proceedings, letters and other memoranda presented to the court in an effort to intimidate the judges or improperly influence the decision making process cannot be tolerated. This court will not respond to such pressures.
By continuing to file repetitive, frivolous and unsubstantiated motions, Mr. Kozak also seeks to control Mrs. Kozak further by requiring her to expend substantial sums for legal representation for each motion. Attempts to exercise control over an ex-spouse, particularly in matters where prior domestic violence has occurred, is all too often observed in our family courts. While not eliminated, these unnecessary legal expenses are at least reduced by this court's refusal to permit oral argument. By wearing her down financially and emotionally, he may avoid the consequences of the enforcement of litigant's rights by her giving up and deciding that the legitimate use of the court system is not worth the effort. By appearing pro se, Mr. Kozak can maintain an economic advantage and control over his ex-wife who, advisedly, is reluctant to appear herself without counsel. In this respect, he is not subject to the same financial consideration of expensive attorney fees that she must expend. In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991). This economic pressure to control an ex-wife becomes most relevant when consideration is given to their respective postdivorce earning capacity.[5] Mr. Kozak *277 is a college graduate, "holding bachelor and master degrees"[6] while Mrs. Kozak is a high school graduate "presently employed by the County of Camden as a dispatcher."[7] Mr. Kozak's annual income as the Director of Purchasing for Rowan College and part-time Professor at Rutgers University is over twice as much as that of Mrs. Kozak.[8] In addition, his expenses are less than hers, because he lives with his mother, while Mrs. Kozak has the primary responsibility for the children and on-going expenses of the former marital home. This child support was computed by the trial judge using the child support guidelines. An additional award of alimony of $77 a week, based upon twenty-four years of marriage, was also awarded.
This court must continue to review the material presented to avoid the misuse of judicial process and avoid "harassing litigation." Iannone v. McHale, 245 N.J. Super. 17, 28, 583 A.2d 770 (App.Div. 1990). This denial of oral hearing is specifically limited to the papers presented in this instance. "[T]he right of access to our court should not be unduly infringed upon and that honest and creative advocacy should not be discouraged." Id. at 28, 583 A.2d 770; Borzillo v. Borzillo, 259 N.J. Super., 286, 292, 612 A.2d 958 (Ch.Div. 1992).
The prehearing examination and screening of motions is particularly warranted where the history of the litigation demonstrates the use of repetitive and frivolous motions. While the court's use of "the term `frivolous' should be given a restrictive interpretation," McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 626 A.2d 425 (1993), clearly Mr. Kozak's motion that this judge and Mrs. Kozak undergo psychiatric examinations, together with his papers continuing to personally attack every trial judge, *278 attorney or expert who gives a decision or opinion against him are frivolous and done in bad faith. The repetitiveness of such motions is noted by the continued reassertion of issues and allegations after their determination and establishment as the law of the case. The filing of such motions, either without an appeal of the original determination or irrespective of the pendency of such an appeal, shows clearly an attitude that the litigant will use (or abuse) the judicial process until some trial judge "gets it right" by deciding in his favor. There can be no finality of judgment for Mrs. Kozak if Mr. Kozak is allowed to proceed unrestricted.
The misuse of judicial process was considered by the United States Supreme Court, which determined that in such circumstances, the courts can refuse to even allow the filing of the papers. In re Demos, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20, (1991); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); In re Anderson, 511 U.S. ___, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994). Many litigants with legitimate claims await hearings in the family court. Judicial time and energies are scarce societal resources, especially in the family courts. We cannot permit frivolous matters, sparked by a personal vendetta, to consume the attention and resources to the detriment of deserving litigants who wait for their legitimate motions to be heard.
With respect to the crossmotions filed on behalf of Mrs. Kozak, she is clearly entitled to enforcement of her rights under the order of this court on August 19, 1994. This required Mr. Kozak to provide the names and addresses of his life insurance carriers, as well as authorized the release of relevant information as to the continued coverage and vitality of the policies. He must now provide this information within ten days to Mrs. Kozak's attorney, in addition to executing the authorizations for consent to the release of the information. In the event that Mr. Kozak fails to comply with this order, Mrs. Kozak may apply to the court on Order to Show Cause for immediate sanctions.
*279 The request of Mrs. Kozak for the awarding of counsel fees for the work involved with respect to this motion and the filing of a crossmotion for the enforcement of litigant's rights must also be granted. No litigant should be required to expend additional sums for the legal assistance necessary to obtain that to which she was already entitled under a previous order. As Judge Stein noted, in his separate opinion in Crowe v. De Gioia, 102 N.J. 50, 505 A.2d 591 (1986):
In a matrimonial action a wife who must sue to enforce her statutory right of support may be entitled to an award of counsel fees so that the support to which she is lawfully entitled is not substantially diluted by the legal expense incurred to enforce her right.
[Id. at 56, 505 A.2d 591.]
As previously noted, Mrs. Kozak must also obtain counsel to defend against the frivolous, repetitive and unsubstantiated allegations and requests of Mr. Kozak as herein presented. While it has been held that counsel fees for frivolous motions are not covered under N.J.S.A. 2A:15-59.1, Lewis v. Lewis, 132 N.J. 541, 626 A.2d 422 (1993), they are properly awarded as a "necessary" expense of an ex-wife against her former husband in continuing matrimonial litigation. Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971); Marx v. Marx, 265 N.J. Super. 418, 627 A.2d 691 (Ch.Div. 1993); Siegel v. Siegel, 243 N.J. Super. 211, 578 A.2d 1269 (Ch.Div. 1990). To fail to consider the award of counsel fees in this instance as a necessary recoverable expense is to permit costs of litigation to be used as a substantial form of economic coercion. Von Pein v. Von Pein, 268 N.J. Super. 7, 632 A.2d 830 (App.Div. 1993). In addition, Mrs. Kozak's counsel fees must be paid by Mr. Kozak because of her demonstrated financial need, his "ability to pay and the wife's good faith in instituting or defending the action." Williams v. Williams, supra, 59 N.J. at 233, 281 A.2d 273 (1971); Brennan v. Brennan, 187 N.J. Super. 351, 454 A.2d 901 (App.Div. 1982). In this regard the trial judge found that Mr. Kozak had much greater earning capacity, having earned $53,719 in 1992[9], seventy-one *280 percent of the total available family income.[10] While such determinations are presently on appeal, no information has been presented to indicate any change in their respective financial circumstances. He has much greater earning capacity and ability to absorb the legal expenses of this continuing litigation. Mrs. Kozak's good faith in hiring counsel in her defense against Mr. Kozak's motions is very apparent. She needs the consistent assistance of competent counsel to respond to the aggressive legal tactics and onslaught of motions and other papers filed by Mr. Kozak.
Mr. Kozak shall be responsible to pay Mrs. Kozak's counsel fees incurred in this instance. Her attorney's affidavit of services must be properly presented to the court and a reasonable fee determined by the court in accord with R. 4:42-9. It shall be collected from whatever funds are obtained and held from Mr. Kozak's IRA accounts, which are to be held in trust by Mrs. Kozak's attorney under the order of September 6, 1994.
Counsel for Mrs. Kozak shall prepare and submit an appropriate order in accord with the rules of court. R. 4:42-1.
NOTES
[1] October 10, 1991, Order, Segal, J.S.C.
[2] November 25, 1992, Order, Segal, J.S.C.
[3] April 5, 1993, Order of Vogelson, J.S.C.
[4] Final Judgment of Divorce, October 3, 1993, Vogelson, J.S.C.
[5] Weitzman, L., The Divorce Revolution, The Free Press (1979).
[6] Letter Opinion, August 19, 1993, Vogelson, J.S.C.
[7] Letter Opinion, August 19, 1993, Vogelson, J.S.C.
[8] Letter Opinion, August 19, 1993, Vogelson, J.S.C.; CIS of Andrew Kozak, April 29, 1992; CIS of Diana Kozak, April 22, 1992.
[9] Letter Opinion, August 19, 1993, Vogelson, J.S.C.
[10] Final Judgment of Divorce, October 3, 1993, Vogelson, J.S.C.