The judgment and order appealed from are affirmed.

783 A.2d 257

ELIZABETH BRAZZEL, PLAINTIFF–RESPONDENT, v.
WILLIAM BRAZZEL, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 17, 2001—Decided October 24, 2001.

Before Judges PETRELLA, STEINBERG and ALLEY.

*E. Allen MacDuffie, Jr.*, attorney for appellant.

*Simon & Enright*, attorneys for respondent (*Mary Zmigrodski*, of counsel and on the brief).

The opinion of the court was delivered by

STEINBERG, J.A.D.

Defendant, William Brazzel, appeals from an order entered in conjunction with a domestic violence proceeding establishing his "arrears" at $3,215.38.  We affirm.

On December 12, 1999, plaintiff, Elizabeth Brazzel, filed a complaint against defendant pursuant to the Prevention of Domestic Violence Act of 1991, *N.J.S.A.* 2C:25–17 to –35(Act). On that date, a municipal judge entered a temporary restraining order barring defendant, *inter alia*, from returning to the marital home, and also barring future acts of domestic violence. In addition, the order scheduled a final hearing for December 15, 1999, in the Chancery Division, Family Part. Prior to the return date, defendant was institutionalized. Therefore, the temporary restraining order was continued. This order allowed plaintiff to use the parties' joint checking account for household bills and joint expenses and also contemplated the scheduling of a final hearing once defendant was released from the hospital.

The parties agree that upon defendant's release from the hospital he withdrew funds from various accounts of the parties. In addition, defendant stopped the direct deposit into the joint checking account of his pension and social security benefits.[1] However, upon advice of his attorney, defendant sent plaintiff a check for a substantial portion of those funds.[2]

On February 25, 2000, the parties entered into a consent order. Defendant stipulated to committing domestic violence by harassing plaintiff, and consented to the entry of a final restraining order. The order continued the provisions of the temporary restraining order, and further set forth the agreement of the parties that the issues of support and retroactivity would be decided at a "review hearing."

---

[1] There is no citation to the record of this fact. However, in their appellate briefs the parties appear to agree that this took place. Thus, plaintiff, who was seventy-four years old, was required to use her own funds to pay the household expenses.

[2] The parties do not agree as to the amount of the check sent by defendant to plaintiff, or whether it constituted one-half of the balance of the accounts. Those facts are of no consequence to this opinion.

■   The review hearing was scheduled for March 13, 2000. On that date, the parties agreed that defendant would pay plaintiff $1,100 per month support, effective April 1, 2000. In addition, because the parties could not agree on "arrears," the consent order provided for a hearing to determine that issue on March 30, 2000. By letter dated March 27, 2000, defendant's attorney advised the judge that his client had again been institutionalized. Defense counsel waived his right to appear at the hearing and asked that the judge "dispose of the matter based upon the information previously supplied and/or in reference to this letter." In that letter, the attorney suggested that it was more appropriate to have the issue of back support for the three months in question "deferred to the Matrimonial Court." The judge considered the application and established "arrears" at $3,215.38 for the period of January 2000 through March 2000. Defendant appeals contending that the "back support" should have been "deferred to the ... matrimonial action, rather than be awarded as part of the domestic violence proceeding." We reject that contention.

The Legislature has encouraged the broad application of the remedies available under the Act in judicial proceedings. *N.J.S.A* 2C:25–18. Indeed, *N.J.S.A* 2C:25–29(b)(10) authorizes "[a]n order awarding emergency monetary relief ... to the victim." The statute further provides: "[A]n ongoing obligation of support shall be determined at a later date pursuant to applicable law." *N.J.S.A.* 2C:25–29(b)(10). In construing a predecessor statute, we observed that the Legislature did not intend that victims of domestic violence be discouraged by a threat of financial distress. *Mugan v. Mugan,* 231 *N.J.Super.* 31, 33, 555 *A.*2d 2 (App.Div. 1989). We did there observe that the support order authorized by the Act is only "intended to bridge the emergent situation and [should] not be a substitute for other more orderly procedures for support." *Ibid.* Defendant contends that because he had already turned over a substantial sum of money to plaintiff, and also agreed to provide $1,100 monthly support there was no need for emergent relief and the issue of retroactivity should have been deferred to the matrimonial action. We disagree. Indeed, the

complaint for divorce was not filed until May 3, 2000. Defendant's actions in liquidating the accounts, and diverting his pension and social security checks into another account deprived plaintiff of the ability to pay marital bills and household expenses without either resorting to her own funds or borrowing from relatives.

On March 30, 2000, plaintiff appeared and testified that she had spent $2,015.38 for joint marital expenses. She also testified that she borrowed approximately $400 per month to pay additional household expenses. As previously noted, defendant did not appear at the hearing. In addition, his attorney waived his right to appear. On this appeal, defendant offers no challenge to the amount awarded. He merely challenges the right of the court in a domestic violence proceeding to make a retroactive award.[3] We reject that contention. The Act does not require a victim of domestic violence to file a complaint for divorce in order to receive a retroactive award of support withheld from her by her abusive husband. Retroactive spousal support payments are not a new concept. See *Jacobitti v. Jacobitti*, 263 *N.J.Super.* 608, 617–18, 623 *A.2d* 794 (App.Div.1993), *aff'd*, 135 *N.J.* 571, 641 *A.2d* 535 (1994) (holding that a trial judge has the right to correct an obviously unjust pretrial support order by allowing a retroactive increase of the *pendente lite* order). We agree with the approach of *Jacobitti* and conclude that a judge in a domestic violence proceeding is not limited to awarding future support. Rather, the judge may, under appropriate circumstances, make the award retroactive. Finally, we reject any notion that the lump sum payment made by defendant to plaintiff rendered the retroactive award unnecessary. Plaintiff should not be required to exhaust those funds or deplete them because she may ultimately be entitled to them by way of equitable distribution.

Affirmed.

---

[3] While the parties have used the term "arrears," we believe the more appropriate description is a retroactive award.