# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5359-18
A-4428-19

S.M.,

     Plaintiff-Appellant,

v.

J.T.,[1]

     Defendant-Respondent.

_____

     Submitted January 20, 2022 – Decided March 3, 2022

     Before Judges Alvarez and Haas.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1026-13.

     S.M., appellant pro se.

     Respondent did not file a brief.

PER CURIAM

---

[1] Initials are used to protect the confidentiality of the minor child.

The parties, who divorced in 2014, have an eleven-year-old special needs child.  Since 2014, plaintiff S.M. has filed thirty-eight motions, including not only for reconsideration, but reconsideration of reconsideration motions.  The parties currently operate under a consent agreement, and subsequent enforcement orders, allowing defendant J.T. parenting time one overnight midweek and alternating weekends.  In two separate filings, which we consolidate for decision, plaintiff appeals a June 25, 2019 order and 2020 orders issued on June 12, July 24, September 29, and November 13.

We affirm for the reasons detailed by the family part judges who cogently and thoughtfully rendered the challenged decisions.  We also affirm because plaintiff's points of error are so lacking in merit—essentially repeating the same unfounded arguments she made in the trial court—as to not warrant much discussion in a written opinion.  See R. 2:11-3(e)(1)(E).  However, we remand to the trial court to conform the June 12, 2020 order with the accompanying statement of reasons.  The remand is limited to the completion of the court's ministerial act of correcting the order.

The parties' child suffers from cerebral palsy, epileptic seizures, and behavioral issues doubtlessly exacerbated by continuous litigation between two

loving parents. The record suggests the disputes may be attributable to the parties having quite different parenting styles.

Plaintiff's style has been described by the court-appointed parenting coordinator as follows:

> [Plaintiff's] standards of care are so high, her research so thorough, her documentation so complete, and her expectations so exacting, that any disagreement with her positions, by caregivers, educators, administrators, and [defendant], is met with resistance as fierce and unrelenting as her advocacy for [the child]. This often comes in the form of voluminous and ceaseless email communications, the salient points of which are often lost in the verbosity and sheer number of these communications, leaving the receiver to, literally, throw up his/her hands in surrender, as the main messages are lost in a sea of paper and words.

Plaintiff has twice contacted the Division of Child Protection and Permanency claiming that defendant posed a risk of harm to her child. Neither referral resulted in a finding that defendant had been negligent or abusive in any way. In fact, the second referral caused the agency to express some concern that plaintiff's hyper focus on the child's medical needs could potentially harm the child's well-being.

For his part, defendant tends to minimize the child's medical and educational needs, and has not paid his full share of the costs either of the court-

3

appointed parenting coordinator or the guardian ad litem, both of whom are owed thousands of dollars. Defendant believes plaintiff is motivated by a desire to end his parenting time entirely, or at least to interfere with and control it. He did not participate in either appeal. We draw these conclusions about the parties' differing parenting styles from the record.

Only three issues require brief discussion. In the judge's June 12, 2020 orders, she required the parties to confer with the parenting coordinator and the guardian ad litem in a four-way conference before new motions were filed. In the statement of reasons, the judge directed that motions filed in the absence of such a conference "may" be dismissed.

The order the judge signed, intended to embody the conclusions in the statement of reasons, states that motions filed in the absence of a four-way conference will end in "automatic dismissal . . . ." The law is clear that automatic dismissals of motions is not permitted. Parish v. Parish, 412 N.J. Super. 39, 51 (App. Div. 2010). "Where there is a conflict between a judge's . . . oral opinion and a subsequent written order, the former controls." Taylor v. Int'l Maytex Tank Terminal Corp., 355 N.J. Super. 482, 498 (App. Div. 2002).

The "may be dismissed" language in the judge's analysis is permissible as it requires the court to review the application before deciding whether to allow

the motion to proceed, thus balancing the movant's due process right of access to the court against the adverse party's right to be shielded from repetitive frivolous filings.  See Parish, 412 N.J. Super. at 50-51.  It is not an abuse of discretion to limit access where "the pleadings demonstrate the continuation of vexation or harassing misuse of judicial process."  Id. at 58.  Given the remarkable number of post-divorce applications and the repetitive nature of the litigation, the need for limitation is readily apparent.  See id. at 49, 51.  Thus, the matter is remanded only for the ministerial purpose of conforming the order to the statement of reasons.

The court has not allowed oral arguments on the last two motions for reconsideration filed by plaintiff, decided July 24 and November 13, 2020.  A decision to deny oral argument does not mean the court failed to adequately review and consider the voluminous submissions.  A court has discretion to do so when motions requests appear vexatious or where "special or unusual circumstance[s]" exist.  Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).  Since such circumstances exist here, the judge reasonably exercised her discretion.

Finally, by way of separate appeal, plaintiff seeks our review, specifically, of the second paragraph of the court's statements of reasons for its June 25, 2019 order. The paragraph states:

> This [c]ourt also declined [p]laintiff's request for oral argument. This [c]ourt has entered nearly two . . . dozen [o]rders in this matter over the last two years. Plaintiff often seeks the same relief. Although courts ordinarily grant oral arguments "as of right" pursuant to [Rule]1:6-2(d), "the court may deny such request when special or unusual circumstances exist" such as when the request or motion is "frivolous, repetitive, or is intended to harass the former spouse." [Filippone, 304 N.J. Super. at 306]; Kozak v. Kozak, 280 N.J. Super. 272, 274-76 (Ch. Div. 1994), certif. denied, 151 N.J. 73 (1997). "Courts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail harassing and vexatious litigation . . . . [Rule] 1:4-8(a)(1) states that the signature of a party or counsel on a pleading certifies the document is not presented for an improper purpose, such as to harass or to cause unnecessary delay." [Parish, 412 N.J. Super. at 43.] Here, the parties entered into a consent order on April 4, 2019. Plaintiff filed a motion to modify the terms of this consent order on April 12, 2019. Plaintiff filed an order to show cause on April 26, 2019. The [c]ourt denied both of these applications on May 24, 2019. Plaintiff filed her current motion on May 28, only four . . . days later. It is substantively duplicative of her prior motion. Oral argument is denied. The [c]ourt will not permit [p]laintiff to abuse [d]efendant through the [c]ourt system.

Plaintiff's appeal seems to be based on her belief that her motion practice has not been harassing or vexatious. Instead, she asserts that her frequent

6

motions were generated by defendant's failure to adhere to court orders or employ the parenting coordinator.  Because of the somewhat novel nature of the appeal, on June 18, 2020, we explicitly directed that her appeal under Docket No. A-5359-18 would be limited to the paragraph we have quoted from the June 25, 2019 order.

The intent of the Family Part has been not only to prevent plaintiff from harassing defendant, and from seeking to repeatedly set aside consent orders that she entered into on the record, but to protect the child as well.  Because of the Family Part's special jurisdiction and expertise in family matters, we accord deference to its factfinding.  Cesare v. Cesare, 154 N.J. 394, 413 (1998).  The Family Part's findings of fact "are binding on appeal when supported by adequate, substantial, and credible evidence."  Id. at 411-12.  Such deference is appropriate because the trial court "has the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand; it has a 'feel of the case' that can never be realized by a review of the cold record."  N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104, (2008) (citing N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 293 (2007)).  That deferential review is amply justified here.

Even when an application is denied, plaintiff considers herself free to refile the same request days later.  Thus, the Family Part judge's statement that the litigation was harassing and vexatious is supported by the record.  Plaintiff's conduct throughout this litigation, while no doubt well-intentioned, has benefitted nobody.  Thus, the court did not err in limiting plaintiff's motion practice and refusing her requests for oral argument.

Affirmed, with the exception that the court shall correct the language of the June 12, 2020 order.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION