**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4822-18

NEETI WADHWA,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

AMIT SETHI,

       Defendant-Respondent/
       Cross-Appellant.

_____

Submitted September 14, 2020 – Decided June 16, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1299-11.

Neeti Wadhwa, appellant/cross-respondent pro se.

Damiano Law Offices, attorneys for respondent/cross-appellant (Toni Belford Damiano, of counsel and on the briefs; Ruchika S. Hira, on the briefs).

PER CURIAM

Plaintiff Neeti Wadhwa appeals from paragraph one of the April 4, 2019 order and paragraphs one through eight of the June 12, 2019 order entered in this post-judgment matrimonial case. Defendant Amit Sethi cross-appealed portions of both orders that concerned attorney's fees. We affirm in part and reverse in part and remand for further proceedings.

I.

The parties were married in India in 2002. Plaintiff filed for divorce in 2010, and following a bench trial, they were divorced in 2012. They have one child, who was born in 2006. The parties' dual judgment of divorce (DJOD) from 2012 incorporated their 2011 custody and parenting time agreement. The parties agreed to share joint legal custody. Plaintiff was designated the parent of primary residence.

Under the DJOD, defendant paid limited duration alimony to plaintiff for four years. Those payments are completed. Plaintiff and defendant were entitled to half of the marital portion of the 401K of the other party. Qualified Domestic Relations Orders (QDROs) were to be prepared for each 401K. Plaintiff was to receive one-half of the investment accounts, totaling $15,885.09. She was entitled to $177,675, which was one-half of the marital assets that defendant was found to have dissipated. Defendant was to pay $10,000 toward

plaintiff's attorney's fees. All of these amounts were to be paid in sixty days. See Wadhwa v. Sethi (Wadhwa III), No. A-5309-15 (App. Div. Apr. 3, 2018) (slip op. at 3).

A.

The case has been the subject of multiple appeals. In Wadhwa v. Sethi (Wadhwa I), No. A-3121-11 (App. Div. Apr. 24, 2013) (slip op. at 1), we remanded the case to the Family Part following defendant's appeal of the DJOD that found he dissipated and distributed marital assets. On remand, the Family Part judge reduced the dollar amount of the dissipated marital assets, but in the second appeal, we eliminated credits the trial court had given, determining that "defendant dissipated a total of $186,000 and must pay plaintiff one-half, the proportion of dissipated assets ordered reimbursed to her by the trial judge." Wadhwa v. Sethi (Wadhwa II), No. A-3121-11 (App. Div. Oct. 10, 2014) (slip op. at 2). Under Wadhwa II, defendant was required to pay plaintiff $93,000 in dissipated assets within sixty days. Wadhwa III, slip op. at 4.

Plaintiff moved to Pennsylvania with the child in 2014 without first obtaining permission from the court. She claimed this was necessary to obtain employment. Plaintiff did not return to New Jersey following the trial court's order to do so. Ibid.

Defendant filed a motion to enforce litigant's rights regarding plaintiff's move to Pennsylvania and raised other issues about the dissipated assets and his alleged inability to repay them. Ibid. Although plaintiff was found to be in violation of litigant's rights for moving to Pennsylvania, the trial court's order of January 9, 2015, did not require plaintiff to return to New Jersey pending the outcome of a plenary hearing. Id. at 5. The parties conducted discovery and exchanged financial information. The trial court ordered defendant to pay all his equitable distribution obligations within twenty days but denied plaintiff's request for sanctions, noting that defendant could "be subject to potential future sanctions, upon application by [p]laintiff." Id. at 5-6. A plenary hearing was never conducted. Id. at 6.

Relevant to the two orders in this appeal, plaintiff filed a motion on March 26, 2016, seeking to enforce litigant's rights and defendant filed a cross-motion on April 22, 2016, for other relief. Our decision in Wadhwa III addressed the trial court's June 29, 2016 order that resolved those motions.

B.

Plaintiff's March 2016 motion requested payment of all amounts the defendant owed her under the DJOD with statutory interest. She requested sanctions of $100 per day if defendant did not pay within fourteen days. If he

A-4822-18

did not, she requested the court enter an order under the Five-Day Rule that defendant liquidate his portion of his 401K within seven days and pay her. If that did not occur, plaintiff requested another order reducing the outstanding amount to a judgment upon which interest would accrue. Her supporting certification requested interest because she alleged she would have invested these funds. She wanted defendant to prepare the QDROs. Plaintiff requested to serve a subpoena on defendant's employer. Plaintiff requested attorney's fees of $4708 for the application.

Defendant's cross-motion requested custody of their son and permission to relocate out of state for employment. He asked for several credits against what he owed plaintiff in equitable distribution. He wanted to terminate alimony retroactively for a credit of $33,962. Defendant asked to modify child support retroactively for a credit of $1936. Defendant wanted plaintiff to pay for the settlement agreement he had reached with the homeowner's association over past-due association fees and credit the full $7000 against the amount of the outstanding equitable distribution. Wadhwa III, slip op. at 8. Defendant "asked to credit his share of the marital portion of plaintiff's 401K, which he estimated to be $11,785.90, against the outstanding equitable distribution." Ibid. Defendant wanted permission to repay the outstanding balances under the

5

divorce judgment at the rate of $1500 per month. He alleged there were checks he paid plaintiff that she had not cashed. He claimed he paid her $15,000 as half of the Scottrade and TD Ameritrade investment accounts. Defendant also requested an award of counsel fees.

The court's June 29, 2016 order terminated alimony based on changed circumstances. Id. at 8-9. The parties agreed defendant's equitable distribution obligation, including dissipated assets, was $171,734.89, without any credits or offsets. Id. at 9. The trial court denied plaintiff's requests for interest on the unpaid equitable distribution and also denied her request for sanctions. Ibid. The court credited defendant with the checks that plaintiff had not cashed. Id. at 9-10. The unpaid homeowner's fees were held to be a marital debt. The court credited defendant with $3500 against his outstanding equitable distribution. The court indicated it would recalculate child support. It granted defendant's request to repay equitable distribution at $1500 per month. The court ordered preparation of the QDROs. The court did not decide custody, advising defendant to file a new application. The court denied both parties' requests for attorney's fees and sanctions. Id. at 11.

A-4822-18

Plaintiff appealed.[1] We reversed the trial court's June 29, 2016 order and remanded for further proceedings because the trial court had not made specific findings of fact or conclusions of law as required by Rule 1:7-4(a). We determined the trial court's order terminating limited term alimony based on change of circumstances lacked findings of fact and conclusions of law. The court did not explain why equitable distribution needed to be repaid in monthly installments; that "decision was lacking any reference to the record about defendant's finances." Id. at 15. "The court did not explain why plaintiff was responsible to pay half the homeowner's association fees." Ibid. We concluded the trial court denied counsel fees without consideration of the factors set forth in Rule 5:3-5(c) and without making findings of fact and conclusions of law.

We directed the trial court to conduct a case management conference limited to the issues in plaintiff's March 26, 2016 motion and defendant's cross-motion. The trial court was to resolve these motions with appropriate findings of fact and conclusions of law and conduct a plenary hearing, if necessary. We found plaintiff's removal of the child to Pennsylvania was moot. By this time, defendant was residing in Florida and plaintiff in Pennsylvania. Id. at 16.

---

[1] In Wadhwa III, we noted defendant did not file a cross-appeal and that his requests were not properly before us.

C.

The trial court promptly conducted a case management conference on May 4, 2018. The parties agreed defendant was required to pay plaintiff $100,000 for "all equitable distribution with the exception of the two retirement accounts which [were] to be QDRO'd." The parties agreed New Jersey no longer had jurisdiction over the child because plaintiff was living in Pennsylvania with the child and defendant was living in Florida.

Defendant's attorney advised that payment of $100,000 resolved all issues involving alimony, child support, and unpaid association fees, but that the issue of sanctions and counsel fees remained. However, plaintiff claimed defendant still owed her interest and sanctions on the outstanding equitable distribution amount. The parties had extensive discussions about the child's passport and about defendant's parenting time. The trial court invited the parties to provide additional submissions on the issues that were not resolved.

The trial court entered an order on May 7, 2018, following the case management conference. Defendant was to pay plaintiff $100,000 with fifty percent due on May 15, 2018, and the remainder due July 14, 2018. This payment resolved all equitable distribution issues including alimony, child support, and homeowner fees. The "issue of sanctions for six years of non-

payment [by defendant] [was] reserved pending receipt of the parties' supplemental pleadings." Attorney's fees also were reserved. The order did not resolve the passport and parenting time issues because "the parties agree that jurisdiction over the parties' child is in Lehigh County, Pennsylvania." All other issues were denied without prejudice.

The parties sent letters to the trial court following entry of the order and supplemental pleadings. Defendant contended in his May 16, 2018 submission that there had been a global settlement on May 4, 2018, except for attorney's fees. Defendant analyzed the factors in Rule 5:3-5(c) and Rule 4:42-9. Defendant alleged that he had paid counsel fees of $117,575, which included the fees for all of the appeals. Defendant claimed he could not pay plaintiff in a lump sum.

Plaintiff's supplemental pleading for interest, sanctions and counsel fees on June 1, 2018, claimed there were two items missing from the order: the QDRO needed to be completed and the cost of the passport application should be shared equally. She claimed there were other issues that were not resolved, including the recalculation of child support, the need for a subpoena to defendant's employer, attorney's fees, interest and sanctions. With respect to attorney's fees, plaintiff addressed the factors set forth in Rule 5:3-5 and Rule

9

4:42-9. She alleged that had she been paid equitable distribution six years ago, she could have invested these monies, generating at least a three percent return.

The trial court did not immediately respond to these supplemental submissions. In March 2019, plaintiff made inquiry of its status with the court.

On April 4, 2019, the court denied — on the papers submitted — both parties' requests for attorney's fees without prejudice and ordered all other portions of the May 7, 2018 order to remain in effect. In its Statement of Reasons, the court mentioned factors to consider when deciding whether to award attorney's fees without otherwise addressing the factors. The court found "no bad faith on the part of either party" and denied their requests for attorney's fees.

D.

Plaintiff filed a motion to enforce the May 7, 2018 order by adjudicating defendant was in violation of litigant's rights for not complying with its provisions. Plaintiff's certification alleged defendant still owed her $12,650 in equitable distribution even though he first was ordered to pay her on March 31, 2012. On July 14, 2018, defendant paid plaintiff $37,350 instead of $50,000. This reduction represented funds from the TD Ameritrade investment account. She argued this account was her property. Plaintiff requested an order requiring

the immediate payment of these funds, sanctions of $100 per day beginning from July 14, 2018, when they were due to her, and a judgment. Plaintiff requested three percent interest on $171,735 for the period from March 2012 to July 14, 2016. Plaintiff requested permission to subpoena defendant's employer and to compel defendant to provide his latest income statements in order to recalculate child support and to prove his dishonesty about his work location. Plaintiff requested defendant to pay all of her attorney's fees since October 2014 totaling $56,185.27.

Defendant filed a cross-motion for reconsideration of the April 4, 2019 order that denied his request for attorney's fees. He alleged he paid more than $100,000 in fees and requested an award based on plaintiff's alleged bad faith. Defendant argued that all the outstanding issues were resolved at the May 4, 2018 conference except for attorney's fees. He never "consent[ed] to interest or sanctions being considered . . . ." Defendant argued that no sanctions should be imposed under the March 2016 order because he complied with the relief requested. Pursuant to paragraph 12 of the DJOD, plaintiff was to receive one-half of the investment accounts including Scottrade and TD Ameritrade in the amount of $15,885.09. On July 24, 2015, he paid plaintiff $15,000 with a balance of $885.09 remaining. This balance was "accounted for in the $100,000

delineated in the Consent Order . . . ." He claims he signed a form transferring $12,650 to plaintiff's name. Defendant claims that once he did that, the Scottrade and TD Ameritrade accounts were his assets, not plaintiff's. Defendant argues he has paid the total sum of $100,000 by three checks of $25,000 and one of $12,350. However, when he tried to liquidate the TD account to apply the $12,650 in that account, he could not because plaintiff changed the passwords. He alleged plaintiff did not divide the marital portion of her 401K and requested sanctions. Defendant raised other issues about parenting time, child support and the child's passport.

Plaintiff repeated many of her claims in her reply and denied withholding the QDRO.

On June 12, 2019, the trial court denied as moot plaintiff's motion for defendant to pay plaintiff $12,650 and relied on the exhibit from defendant showing his payments. The court did not assess sanctions or interest on the unpaid equitable distribution. It denied plaintiff's request to serve a subpoena on defendant's employer or require defendant to provide his latest income statements.

The court denied reconsideration of its order about attorney's fees and denied all requests for counsel fees without prejudice. It would not reconsider

12

the April 4, 2019 order denying attorney's fees, concluding that it "has not overlooked any information or erred in its previous order." The court briefly reviewed cases about attorney's fees and the parties' arguments on this point and concluded there was no bad faith on the part of either party and accordingly denied attorney's fees.

Defendant's cross-motion to require plaintiff to divide the marital portion of her 401K was granted. She was to finalize division of her retirement account within fourteen days. All issues regarding the child were denied based on lack of jurisdiction.

On appeal, plaintiff raises the following issues:

POINT I

THE TRIAL COURT DENIED COUNSEL FEES WITHOUT CONSIDERING ALL EVIDENCE POINTING TO DEFENDANT'S EXTREME BAD FAITH, STALLING PAYMENTS FOR [SEVEN] YEARS, OBJECTING TO PLAINTIFF'S RELOCATION TO USE IT AS A NEGOTIATION TOOL AND RELOCATING TO FLORIDA HIMSELF IN JUNE 2016, CONTRADICTING HIS OWN POSITION OF IMPACT TO VISITATION.

POINT II

TRIAL COURT DID NOT ADDRESS INTEREST & SANCTIONS IN THE ORDER DATED APRIL 4, 2019 & DENIED MOTION FOR RECONSIDERATION FOR THE SAME ON JUNE

12, 2019. INTEREST & SANCTIONS SHOULD BE IMPOSED FOR WILLFUL AND UNJUSTIFIED NON-COMPLIANCE BY THE DEFENDANT.

POINT III

DEFENDANT FAILED TO COMPLY WITH THE CONSENT ORDER DATED MAY 7, 2018, LITIGANT'S RIGHTS SHOULD BE ENFORCED AND DEFENDANT SHOULD BE FORCED TO PAY THE OUTSTANDING $12,650 AND BE SANCTIONED FOR THE PERIOD HE DID NOT COMPLY.

Defendant filed a cross-appeal from paragraph one of the April 4, 2019 order and paragraphs nine, ten and nineteen of the June 12, 2019 order, arguing the following issues:

Point I

THE TRIAL COURT DID NOT ERR BY DENYING PLAINTIFF'S REQUEST FOR COUNSEL FEES.

> A. Plaintiff's Claim for Counsel Fees is Limited to What she Sought in Her Notice of Motion Filed on March 29, 2016.
>
> B. Defendant Did Not Act in Bad Faith Throughout This Litigation.
>
> C. Plaintiff Comes to Court with Unclean Hands and Failed to be Forthcoming with the Court in Her Application for Counsel Fees.

Point II

THE TRIAL COURT DID NOT ERR BY FAILING TO
ADDRESS "INTEREST" AND "SANCTIONS".

Point III

THE COURT DID NOT ERR BY FINDING THAT
DEFENDANT SATISFIED HIS OBLIGATION TO
PAY PLAINITFF $100,000 PURSUANT TO THE
CONSENT ORDER DATED MAY 7, 2018.

Point IV

THE COURT ERRED BY DENYING DEFENDANT'S
REQUEST FOR COUNSEL FEES AS REQUESTED
IN HIS CROSS-MOTION DATED APRIL 22, 2016.

Point V

THE COURT ERRED BY DENYING DEFENDANT'S
REQUEST FOR COUNSEL FEES REQUESTED IN
HIS CROSS-MOTION DATED MAY 22, 2019.

II.

We accord "great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citations omitted), in recognition of the "family courts' special jurisdiction and expertise in family matters . . . ." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). However, "[a] trial court's interpretation of the law and the legal

15

consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

## A.

Plaintiff appeals the first paragraph of the April 4, 2019 order and the first eight paragraphs of the June 12, 2019 order. Among plaintiff's arguments, she contends she should have been awarded interest and sanctions on the amount of equitable distribution defendant did not pay her from March 2012 to July 2016. In contrast, defendant argues the parties reached a global settlement on May 4, 2018, that resolved, by consent, all issues about interest or sanctions on these amounts. Defendant contends the only issue that remained after the May 4, 2018 settlement conference was the unresolved issue of attorney's fees that both sides were requesting.

Wadhwa III concerned plaintiff's March 2016 motion. In that motion, plaintiff asked for sanctions and statutory interest against defendant for the equitable distribution that he had not paid her. Plaintiff requested sanctions of $100 per day if defendant did not pay her within fourteen days. If not, plaintiff requested an order requiring defendant to liquidate his portion of his 401K

within seven days and pay her. If that did not occur, plaintiff requested another order that would reduce to a judgment the amount of equitable distribution still owed to her and permit interest to accrue on that judgment. Plaintiff's supporting certification provided that interest was appropriate because she could have invested the money. Thus, plaintiff's request in 2016 was for sanctions and interest.

Applying that here, on May 4, 2018, the parties reached a settlement that defendant owed plaintiff $100,000 for equitable distribution. The transcript makes clear, however, that plaintiff did not agree to give up what she perceived to be her claim for interest or sanctions.

> THE COURT: What's remaining now?
>
> PLAINTIFF: Interest and sanctions, Your Honor, for the six years of nonpayments and counsel fees for the bad faith application he made about my relocation because his main agenda was getting the financials resolved and getting his $1500 payment plans.

Counsel for defendant disagreed.

> DEFENDANT'S COUNSEL: I mean honestly, given that we are settling our claim for alimony and child support, I don't think sanctions and counsel fees should, can stay on the table, Your Honor, but interest. Our application for a payment plan as soon as the Appellate Division issued a decision, we filed our application for a payment plan. So[,] the interest, I mean if Your Honor wants to include it, Your Honor can make a

decision. If you want us to submit something supplemental and to brief it, I'm happy to do it.

Starting first with the issue of sanctions, the trial court's May 7, 2018 order correctly reserved that issue pending receipt of supplemental pleadings because plaintiff requested sanctions in her 2016 motion and that issue was not resolved at the May 4, 2018 settlement conference. However, the trial court then denied plaintiff's request for sanctions without prejudice in the June 12, 2019 order.

"The scope of relief in a motion in aid of litigants' rights is limited to remediation of the violation of a court order." Abbott ex rel. Abbott v. Burke, 206 N.J. 332, 371 (2011). We review a trial judge's enforcement of litigant's rights pursuant to Rule 1:10-3 under an abuse of discretion standard. See Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

The order denying application of sanctions here was made without any findings of fact or explanation. Rule 1:7-4(a) requires that in all actions tried without a jury, the court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law . . . ." "The purpose

18

of the rule is to make sure that the court makes its own determination of the matter." In re Tr. Created by Agreement Dated Dec. 20, 1961, ex rel. Johnson and Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 254 (App. Div. 2006). "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alternations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). "[T]he appellate court ordinarily cannot perform its review function in the absence of findings." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).

The trial court did not explain the basis for its ruling. We cannot evaluate the order without factual findings and reasons. We reverse this portion of the trial court's June 12, 2019 order and remand that issue to the trial court for further proceedings.

On the issue of interest, plaintiff claimed at the May 4, 2018 settlement conference that she was entitled to interest for six years of nonpayment. In her 2016 motion, she requested "statutory interest" and argued that interest was appropriate because she could have invested the money. Plaintiff never

relinquished those claims. Therefore, the trial court should have considered plaintiff's request for interest in the April 9, 2019 and June 12, 2019 orders. Having not done so, that portion of those orders also are reversed and remanded for further proceedings.

B.

Both parties appeal portions of the April 4, 2019 and June 12, 2019 orders that denied their requests for attorney's fees. Both parties are seeking fees for their motions filed post-remand and for fees incurred for earlier applications.

Defendant argues that plaintiff's request should be limited to consideration of just $4708 in attorney's fees for filing her March 2016 motion. However, her March 2016 motion did reference that she would be seeking additional attorney's fees for an earlier period. In fact, her reply included a request for $20,585.27 for fees and costs supported by a certification from her prior counsel.

We will not disturb a counsel fee award in a matrimonial case under Rule 5:3-5(c) except "on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Appellate courts intervene when a trial judge's determination of fees is based on "irrelevant or inappropriate factors or amounts to a clear error in judgment" and is "not

premised upon consideration of all relevant factors."  Masone v. Levine, 382

N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg, 171 N.J. at 571).  Whenever

an application is made in the Family Part for counsel fees, "the court shall

determine the appropriate award . . . if any, . . . [after] consider[ing] the factors

set forth in [Rule 5:3-5], the financial circumstances of the parties, and the good

or bad faith of either party."  N.J.S.A. 2A:34-23.  Accordingly, the court must

consider:

> (1) the financial circumstances of the parties; (2) the
> ability of the parties to pay their own fees or to
> contribute to the fees of the other party; (3) the
> reasonableness and good faith of the positions
> advanced by the parties both during and prior to trial;
> (4) the extent of the fees incurred by both parties; (5)
> any fees previously awarded; (6) the amount of fees
> previously paid to counsel by each party; (7) the results
> obtained; (8) the degree to which fees were incurred to
> enforce existing orders or to compel discovery; and (9)
> any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

The trial court denied both parties' requests for fees.  In its April 4, 2019

order, the court provided a statement of reasons noting it needed to consider "the

requesting party's need, the requesting party's financial ability to pay, and the

requesting party's good faith in instituting or defending the action," citing

Williams v. Williams, 59 N.J. 229, 233 (1971).  However, the only finding the

21

court made was that it "finds no bad faith on the part of either party." There was no explanation what facts of record supported that decision. We do not know what the court considered or found about the parties' ability to pay or their need. There was no consideration of the other factors in Rule 4:42-9 or Rule 5:3-5(c).

The parties asked the trial court for reconsideration of the fee issues. We review an order denying reconsideration for abuse of discretion. Triffin v. Johnston, 359 N.J. Super. 543, 550 (App. Div. 2003). Reconsideration "should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

In the June 12, 2019 order, the court once again denied the applications for fees. The court reiterated its finding that neither party had acted in bad faith and set forth in part, the arguments the parties made that the other had acted in bad faith. The court then said it had not overlooked any information nor had it erred in the prior order. It did not explain what it considered or how it analyzed the applicable factors. We are constrained to reverse the April 4, 2019 and June

12, 2019 orders that address attorney's fees and remand that issue to the trial court for further proceedings.

On remand the court should clarify the fees that are being requested. In that regard, defendant argues that plaintiff is requesting $4708 in fees for the March 2016 order. However, her reply certification makes clear her request was not just for the motion. The court should consider the factors in Rule 4:42-9 and then Rule 5:5-3(c) in making appropriate findings of fact and conclusions of law to determine the attorney fee issues.

C.

Plaintiff argues the trial court erred by denying as moot her motion to require defendant to pay her $12,650 in equitable distribution. In its order, the trial court relied on an exhibit by defendant "with the breakdown of his $100,000 payment pursuant to the parties' Consent Order dated May [7], 2018." The court did not discuss this issue in its Statement of Reasons. However, we glean from the court's order and holding that it must have concluded defendant paid the final $12,650.

We are constrained to reverse paragraph two of the June 12, 2019 order. The court's order does not have findings of fact that are needed for our review. The problem is that both parties appear to claim ownership of the TD Ameritrade

account. Defendant argues that in the DJOD, the court ordered "[p]laintiff shall receive one-half of the investment accounts, including Scottrade and Ameritrade, in the amount of $15,885.09." In the court's written findings of fact and conclusions of law for the divorce trial, it found the parties agreed to split the investment account between them evenly. The court discussed the amount plaintiff was entitled to from the Scottrade account. After that, the court stated, "[t]he [d]efendant also held an account with Ameritrade which was documented at P114." Defendant relies on this statement to claim ownership of the TD Ameritrade account. Defendant claims to have paid plaintiff $25,000 in three installments, and then a third installment of $12,350. He claims he paid the balance of $12,650 by transferring ownership of the TD Ameritrade account to plaintiff.

Plaintiff claims the TD Ameritrade account is hers. She cites to the statements in the record which shows her name on the account. Those statements are addressed to "Neeti Wadhwa & Amit Sethi JT TEN" with a Pennsylvania address. Plaintiff argues that by giving her the account, defendant gave her nothing and that he still owes the balance of $12,650.

The trial court made no findings on this issue other than to say that the issue was moot. Without findings of fact and conclusions of law based on the

A-4822-18

record, we are precluded from a meaningful review of this issue. We reverse paragraph two of the June 12, 2019 order and remand that issue to the trial court for further proceedings. We do not retain jurisdiction of this issue.

D.

Plaintiff appeals paragraph six of the June 12, 2019 order. That paragraph denies without prejudice plaintiff's request that she be permitted to subpoena defendant's employer. The court denied this without prejudice because the employer is not a party to the litigation. Defendant's work location — which plaintiff hoped to verify through his employer — related to issues involving defendant's parenting time and plaintiff's move to Pennsylvania. The parties have agreed that New Jersey no longer has jurisdiction over issues related to the child because both of them are residing in other states. The employer subpoena issue relates to those issues. The court did not abuse its discretion in denying this request without prejudice.

Plaintiff appeals paragraph seven of the June 12, 2019 order that denied her request to compel defendant to share his latest income statements to allow recalculation of child support. The trial court denied this without prejudice for the reason that the parties agreed New Jersey no longer had jurisdiction. The trial court did not abuse its discretion in this portion of the order.

Plaintiff appeals paragraph eight of the June 12, 2019 order that granted defendant's cross-motion by denying plaintiff's motion. That portion of the order also is reversed in light of this opinion. Defendant's appeal related to the attorney fee issues that we have addressed.

After carefully reviewing the record and the applicable legal principles, we conclude that the parties' further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We affirm in part, reverse in part and remand. We reverse paragraph one in the April 4, 2019 order. We reverse paragraphs one, two, three, four, five and eight of the June 12, 2019 order. With respect to defendant's appeal, we also reverse paragraphs nine, ten and nineteen of the June 12, 2019 order because all of these paragraphs involve the attorney fee issue. We affirm the other paragraphs of the orders. We remand paragraph one of the April 4, 2019 order and paragraphs one, two, three, four, five, eight, nine, ten and nineteen of the June 12, 2019 order to the trial court for further proceedings on these issues: attorney's fees; sanctions and interest for equitable distribution payments; and payment of $12,650 in equitable distribution. The court should not consider other issues in this remand. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION