**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3203-22

S.M.A.,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

E.M.,[1]

       Defendant-Respondent/
       Cross-Appellant.

_____

Submitted September 24, 2024 – Decided October 29, 2024

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-0843-19.

A. Brown Esq. LLC, attorneys for appellant/cross respondent (Adam C. Brown, on the brief).

---

[1] We refer to the parties and children in this case using initials to protect the privacy of the children. See R. 1:38-3(d).

Mandelbaum Barrett PC, attorneys for respondent/cross-appellant (David Carton and Rebecca E. Frino, on the brief).

PER CURIAM

Plaintiff S.M.A. appeals from a trial court order denying her cross-motion requesting the following: intrastate relocation of the parties' children, a full plenary hearing, modification of the parenting time order, sanctions and counsel fees. She further asserts the court erred by not holding oral argument and by its failure to make findings of fact or conclusions of law supporting its order. Defendant E.M. cross-appeals from the same order denying his motion for attorney fees and sanctions. He further appeals the order asserting the court did not set forth the specific sanctions granted in his favor.

We affirm in part, reverse in part, and remand for further proceedings.

I.

At the time of the cross-applications, plaintiff resided in Woodbridge and defendant lived in Edison. The parties have two children: A.M. and R.M., whose ages were eleven and eight respectively at the filing of the cross-motions. The parties were divorced by way of a dual judgment of divorce (judgment) dated July 29, 2019. The judgment incorporated a consent order dated March 19, 2019 that resolved the custody and parenting time issues. Pursuant to the consent

order, the parties shared joint legal custody with plaintiff having residential custody and defendant exercising parenting time with the children Thursdays and Fridays from 4:30 p.m. to 10:30 p.m. and Saturdays through Sundays from 2:30 p.m. to 7:30 p.m.

After their judgment was entered, the parties engaged in litigation in the domestic violence and post-judgment dissolution dockets. Plaintiff's domestic violence complaint was dismissed after a hearing on February 16, 2021. In 2022, plaintiff filed a motion seeking primary custody of the parties' children, setting parameters for communications and the exchange of the children and for enforcement of certain provisions in the judgment in the post-judgment dissolution docket. In response, defendant filed a cross-motion to enforce the provisions of the parties' judgment concerning alimony, custody and parenting time.

The trial court entered an order on March 31, 2023, denying plaintiff's request to modify custody and to suspend defendant's parenting time. The court granted both parties' requests to require communication through "Our Family Wizard" (OFW). The court denied plaintiff's motion concerning a thirty-minute waiting time limit and exchanges of the children at the police station. The court granted plaintiff's request to comply with paragraphs three, four, and ten of the

judgment concerning payment of child support, maintenance of life insurance and income tax deductions respectively.

The court granted defendant's cross-motion to restrain plaintiff from involving the children in the litigation as set forth in the consent order of March 25, 2019 and mutually barred either party from involving the children in the divorce litigation issues. The court granted defendant's motion to exercise parenting time with the children for two weeks during summer break. The remainder of his requests, including his applications for termination of his alimony obligation, allowing him to travel to Egypt and to modify the parenting time schedule were denied.

The order also required both parties to attend mediation, which they carried out on April 17, 2023. During mediation, plaintiff indicated her desire to move to Galloway in Atlantic County. Defendant alleges he tried to contact plaintiff twice via letter concerning her comments regarding re-location of the children but stated he did not receive a response from plaintiff. Neither party appealed the March 31, 2023 order.

On May 11, 2023, after the prior order was entered and the parties attended mediation, plaintiff communicated with the defendant via OFW stating her intention to move with the children to Galloway Township effective June 25,

2023. Defendant responded objecting to this request. In response, plaintiff provided defendant with a list of reasons why she believed it was in the best interest of the children to relocate to Galloway. Her list included:

> 1) Exposure to bullying in school, and a threat that a child at school was going to shoot [the parties'] son. 2) [T]he children do not like the school because of bad memories. 3) The children's preference is to change school. 4) [Defendant] makes the children uncomfortable at the present address. 5) Financial issues related to enforcement of the court order. 6) The high cost of living[.] 7) Loss of [employment] due to . . . pay[ing] for childcare and ultimately having to assume responsibility for the children because she could not afford ongoing childcare. 8) [Plaintiff is] seeking a more affordable home accommodation to pay for expenses [defendant] does not pay.

Apparently concerned because there was no resolution of the relocation issues, defendant filed an order to show cause (OTSC) on May 22, 2023, less than two months after entry of the prior order of March 31, 2023. The OTSC sought the following: 1) restraining the plaintiff from relocating the children to Galloway Township; 2) granting him temporary custody of the children if plaintiff attempted to move; 3) enforcement of litigant's rights for parenting time; 4) assessing sanctions against plaintiff for: failing to provide the children for parenting time, interfering with his custody and parenting time by disparaging him in front of the children, plaintiff's refusal to provide the children

A-3203-22

while they are in her care, her failure to utilize the OFW app, her failure to attend co-parenting classes and family counseling and 5) counsel fees and costs. Defendant specifically requested makeup parenting time as a sanction remedy. The court converted defendant's OTSC into a motion to be heard on a regular return date.

Plaintiff cross-moved requesting the following relief: 1) permitting temporary relocation of the children; 2) ordering a plenary hearing to determine relocation and custody modification issues; 3) modifying defendant's parenting time to alternating Saturdays and Sundays; 4) restraining defendant from parking in front of plaintiff's home if after thirty minutes the children refuse to go with defendant; 5) for defendant to be found in violation of litigant's rights for failing to pay the costs for the OFW app, childcare costs, and bills submitted by plaintiff and 6) for counsel fees.

The court did not hold oral argument and on June 23, 2023, placed its oral decision on the record. The court denied plaintiff's request for intrastate relocation. The court found the request by plaintiff to move on a temporary basis would be "uprooting the children from school into a new school district and drastically reducing the visitation time" which it found was not in the best interest of the children at that time. Defendant's request for custody of the

A-3203-22

children if plaintiff attempted to move from Woodbridge was denied without prejudice with the court finding it was too "premature to make that decision."

Plaintiff's cross-motion to relocate the children to Galloway Township was denied. The court found plaintiff did not "provide sufficient information to make that determination" and moving the children to a new school district and reducing defendant's visitation time was not in "the best interest of the children." The court denied plaintiff's request for a plenary hearing because the court found there has not "been a demonstration that it would be necessary at this time." Plaintiff's request for a modification of the parenting time to alternating Saturdays and Sundays was denied because plaintiff was unable to demonstrate a substantial "change in circumstances" to warrant modification.

Concerning the parties' cross motions for violation of litigant's rights and sanctions, the court found plaintiff to be in violation of litigant's rights for failing to provide the children for parenting time pursuant to the court's March 31, 2023 and March 19, 2019 orders. The court also found plaintiff in violation of litigant's rights for failing to attend co-parenting classes and family counseling per paragraph twenty-one of the March 31, 2023 order. The court granted defendant's request for sanctions against plaintiff for failing to provide the children to defendant for parenting time, interfering with defendant's parenting

7

time, involving the parties' children in litigation, disparaging defendant in front of the children, and refusing to provide defendant access to the children while they are in plaintiff's care. The court granted plaintiff's request in her cross-motion for defendant to be found in violation of litigant's rights for not paying the cost of OFW, childcare costs and bills submitted by plaintiff as required by the prior court orders.

Finally, the court denied both parties request for attorney fees because "they were unable to address [the issues] themselves, [therefore] it [was] necessary to bring the matter to court, [and] accordingly each party is responsible for own counsel fees and costs." The court entered the order dated June 23, 2023, now under appeal.

In her appeal, plaintiff argues the trial court erred by summarily deciding the cross-motions without making findings of fact or conclusions of law, nor holding oral argument. She also argues the court erred by not holding a plenary hearing concerning her request for intrastate relocation, modification of custody and the enforcement issues since disputed issues of fact existed.

In his response, defendant argues the lack of written or oral findings was not fatal to the terms of the order and its enforceability. He further argues the trial court correctly denied plaintiff's request to relocate the children since

plaintiff failed to make the requisite showing of a prima facie changed circumstance which required a hearing. In his cross-appeal, defendant argues the court erred by not issuing sanctions against plaintiff considering her documented violations of the court orders and by not ordering specific sanctions, including his request for makeup parenting time, based on its finding plaintiff had violated the parenting time order.

After the filing of the merits briefs, we determined there was a record of the court's findings which was specifically noted on its order. The parties seemingly overlooked the language in the order's introductory paragraph stating it was based on "the reasons set forth on the record on June 23, 2023." We required plaintiff to provide an expedited transcript.[2]

## II.

Family courts maintain "special jurisdiction and expertise in family matters," so "appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). "Discretionary determinations, supported by the record, are examined to discern whether an

---

[2] We also reviewed the audio recording of the trial court's findings placed on the record on June 23, 2023.

A-3203-22

abuse of reasoned discretion has occurred." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017).

Our standard of review is that we will not disturb a trial judge's factual findings when they are "supported by adequate, substantial and credible evidence." Rova Farms Resort v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). We only "disturb the factual findings and legal conclusions of the trial judge [when] we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, "all legal issues are reviewed de novo." Ricci, 448 N.J. Super. at 565 (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

III.

Applying these principles, we begin with plaintiff's argument that the court failed to provide findings of facts and conclusions of law supporting its order denying her requests for relocation and custody. Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum of decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as

10

of right." Findings of fact and conclusions of law are required on "every motion decided by [a] written order[] . . . appealable as of right." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)). "Failure to perform this duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Ibid. (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)). We shall address the remaining issues under appeal in this context point by point.

IV.

Initially, we address plaintiff's contentions the court erred by not finding a prima facie showing was made to relocate the children and denying her request for a hearing to address this issue. Courts should apply the best interests analysis to determine "cause" under N.J.S.A. 9:2-4 in all relocation disputes where parents share legal custody. See A.J. v. R.J., 461 N.J. Super. 173, 176 (App. Div. 2019), where we concluded Bisbing v. Bisbing, 230 N.J. 309 (2017), also applies to intra-state relocation cases and that trial courts must apply the "best interests" standards set forth in N.J.S.A. 9:2-4.

N.J.S.A. 9:2-4(a) requires "in any action concerning children undertaken by a . . . court of law . . . the best interests of the child shall be a primary consideration." N.J.S.A. 9:2-4(c) provides the statutory factors for a best

interests analysis required by N.J.S.A. 9:2-4(a). In pertinent part the statute states:

> In making an award of custody, the court shall consider but not be limited to the following factors: the parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; the needs of the child; the stability of the home environment offered; the quality and continuity of the child's education; the fitness of the parents; the geographical proximity of the parents' homes; the extent and quality of the time spent with the child prior to or subsequent to the separation; the parents' employment responsibilities; and the age and number of the children. A parent shall not be deemed unfit unless the parents' conduct has a substantial adverse effect on the child.

We review a trial court's decision not to conduct a plenary hearing for abuse of discretion. See Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015). It is well-established "a plenary hearing is only required if there is a genuine, material and legitimate factual dispute." Segal v. Lynch, 211 N.J. 230, 264-65 (2011). "In some cases, there is clearly a need for an evidentiary hearing to resolve custody or parenting time issues." Hand v. Hand, 391 N.J. Super. 102,

105 (App. Div. 2007). "In many cases, however, where the need for a plenary hearing is not so obvious, the threshold issue is whether the movant has made a prima facie showing that a plenary hearing is necessary." Id. at 106.

The court determined plaintiff failed to sustain her burden in proving a prima facie case concerning relocation to warrant a hearing. Plaintiff's certification in support of her cross-motion asserted Galloway Township was a comparable school district, their son was bullied, and she was laid off from her job as her reasons to relocate the children. Plaintiff's certification failed to present any tangible information about Galloway Township or its school system nor why it was better suited for the children. She failed to provide any specific information about the bullying allegations concerning the child. She did not provide any information concerning job applications or employment she secured in or near Galloway Township. The court's finding a relocation would be "uprooting the children from school into a new school district and drastically reducing [defendant's] visitation time" and thus was not in "the best interest of the children" is amply supported by the record. When holding plaintiff's proofs up against defendant's joint custody status and significant parenting time awarded to him in the final judgment, we determine the court's findings were not an abuse of discretion.

A-3203-22

Although the court's findings did not specifically address all the factors of N.J.S.A. 9:2-4(c) on a point by point basis, we determine the findings were sufficiently based on the record. We determine the court's findings based on the record in this proceeding coupled with the court's factual knowledge obtained in the recently decided motions resulting in the order of March 31, 2023 were in line with the best interests standard set forth at N.J.S.A. 9:2-4(a). We determine the court placed sufficient reasons for its decision on the record concerning this point pursuant to Rule 1:7-4(a).

Concerning the court's denial of plaintiff's motion to modify parenting time, our Court in Lepis v. Lepis, 83 N.J. 139 (1980), outlined a "two-step process" concerning modification of custody applications. Crews v. Crews, 164 N.J. 11, 28 (2000). In the first step, the movant "must meet the threshold standard of changed circumstances" to be entitled to discovery and an evidentiary hearing or trial. J.B. v. W.B., 215 N.J. 305, 327 (2013); Crews, 164 N.J. at 28.

When applying these legal principles, we determine the court's finding that plaintiff failed to satisfy her burden to present a prima facie showing of a change of circumstance to modify the parties' custody and parenting time is sufficiently supported by the record. We again note the court was thoroughly

14

familiar with the disputes between the parties at the time of its decision since it had decided similar parenting time disputes less than two months prior. We conclude the court's findings concerning these issues were compliant with Rule 1:7-4(a).

V.

We now turn to both parties' arguments concerning violation of litigant's rights and imposition of sanctions against the other. A Family Part judge "possesses broad equitable powers to accomplish substantial justice" and may tailor an appropriate remedy for violation of the court's orders. Finger v. Zenn, 335 N.J. Super. 438, 446 (App. Div. 2000). Accordingly, a court may impose sanctions in its discretion against a non-compliant party under Rule 1:10-3, including reasonable attorney's fees, and grant additional remedies in family actions for violations of a custody or parenting time order, including:

> (1) compensatory time with the children; (2) economic sanctions, including but not limited to the award of monetary compensation for the costs resulting from a parent's failure to appear for scheduled parenting time or visitation such as child care expenses incurred by the other parent; (3) modification of transportation arrangements; (4) pick-up and return of the children in a public place; (5) counseling for the children or parents or any of them at the expense of the parent in violation of the order; (6) temporary or permanent modification of the custodial arrangement provided such relief is in the best interest of the children; (7) participation by the

15

parent in violation of the order in an approved community service program; (8) incarceration, with or without work release; (9) issuance of a warrant to be executed upon the further violation of the judgment or order; and (10) any other appropriate equitable remedy.

[R. 5:3-7(a).]

We review a trial court's imposition of sanctions against a litigant under Rules 1:10-3 and 5:3-7(a) for an abuse of discretion. See Innes v. Carrascosa, 391 N.J. Super. 453, 498 (App. Div. 2007).

The court found plaintiff to be in violation of litigant's rights for failing to provide the children for parenting time as required by the March 31, 2023, and March 19, 2019 orders. The court's finding to grant this relief was "because [plaintiff] did not provide the children" to defendant. The record reveals plaintiff's certification in opposition to defendant's motion and in support of her cross motion stated

> I am still encouraging the children to go with their dad during parenting-time . . . [but] when I send our children out to leave, they go up to the [d]efendant, tell him "we are not going" then turn around back to the house on their own. Our daughter . . . tried going with [d]efendant one time and called me within two hours of the parenting-time with [d]efendant crying, screaming and asking me to pick her up.

In addition, several police reports were attached as exhibits to plaintiff's certification which showed the chaotic nature surrounding the exchange of the

16

children, including neighbors and the general public witnessing these adversarial events.

Against this backdrop, we determine the court failed to provide the factual basis supporting its finding that plaintiff "did not provide the children" as stated in its oral decision. We conclude plaintiff's opposition raised genuine issues concerning the reasons the children were not able to be exchanged. We remand for the court to consider plaintiff's explanation concerning the child exchange issues and its reasons for discounting her account of the events and after said determination, whether sanctions should be imposed.

The court also granted sanctions against plaintiff for violations of paragraph five of the order of March 31, 2023. Specifically, the court order stated plaintiff was disparaging defendant in front of the children and refusing to give access to the children while they were in plaintiff's care. No findings of fact were made by the court supporting the basis for granting this relief. Therefore, we are constrained to remand to the court to provide or clarify its reasons for granting sanctions concerning this point.

The plaintiff also challenged the court accessing sanctions against plaintiff for enforcement of litigant's rights in paragraphs nine and ten of the order for failing to attend co-parenting classes and family counselling per

17

paragraph twenty-one of the order of March 31, 2023. Plaintiff's certification in opposition to this request stated she attended the co-parenting classes "virtually". Her response offered no opposition to defendant's allegations nor any other explanation for not attending the court ordered counselling. Since plaintiff failed to respond to defendant's assertion that she did not attend counseling, this contention was unopposed. Therefore, defendant's unopposed sworn certification established sufficient evidence in the record for the court's decision to assess sanctions against plaintiff and was not an abuse of discretion.

Plaintiff's final argument relates to the court holding defendant in violation of litigant's rights for not paying the cost of OFW, childcare and bills submitted by plaintiff. Despite the grant of this relief in paragraph seventeen of its order, the court failed to provide the type of sanctions to be imposed on defendant or the reasons why specific sanctions as permitted by Rules 1:10-3 and 5:7-3 were not assessed including the amount owed or a due date for these payments. We remand this issue to the court to clarify its finding.

Because we conclude the sanctions issues raised by the parties are so intertwined and in light of our remand for the court to make more specific findings related to the sanctions imposed upon plaintiff for her alleged failure to provide the children to defendant, we determine a remand of defendant's

18

requests for attorney's fees and to specify the form of sanctions to be imposed raised in his cross appeal is also appropriate.

VI.

Finally, we address plaintiff's argument that the failure of the court to grant oral argument was error. Due to the important purpose of oral argument in our jurisprudence and because our court rules specifically address the legal principles for the grant or denial of oral argument, we are compelled to address this point.

Rule 5:5-4(a) states:

> Motions in family actions shall be governed by R. 1:6-2(b) except that, in exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.

This rule has been interpreted as "mandating argument when significant substantive issues are raised and argument is requested." Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998). "The denial of such argument deprives litigants of an opportunity to present their case fully to a court." Ibid. "However, the Rule still permits a trial court to exercise its discretion to deny such requests, even in cases involving 'substantive' issues."

19

Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010). The intention of this rule

> is to give the trial judge the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision. In short, it is the sole purpose of this rule to dispense with what is regarded as unnecessary or unproductive advocacy.
>
> [Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982).]

While there is no categorical rule requiring oral argument, it is normally granted where substantive issues are involved. Requests for oral argument on a substantive issue may be denied if the motion is frivolous, repetitive, unsubstantiated or intended to harass. Kozak v. Kozak, 280 N.J. Super. 272, 275-77 (Ch. Div. 1994). We have found oral argument should have been granted on such substantive issues as emancipation of the parties' children, Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997), and change of custody, Mackowski, 317 N.J. Super. at 14.

Here, plaintiff's motion and defendant's cross-motion presented substantive issues on which oral argument should normally be granted. The issues were not in the categories as delineated in Kozak. Although we can certainly understand the court's familiarity with these parties based on their

frequent history of filing similar motions, we note the issue concerning relocation was raised for the first time and the enforcement requests were partially based on alleged violations of the recent order of March 31, 2023. We conclude the denial of oral argument may have deprived the parties and the court the opportunity to emphasize and clarify certain points which possibly could have aided the court in making its factual determinations which we now remand. We leave to the court's discretion whether to grant oral argument on remand considering our determinations herein.

To the extent we have not otherwise addressed any of the parties' arguments, we determine they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION