**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3014-19

RICHARD REPACK,

 Plaintiff-Appellant,

v.

ILONA AKIMOVA,

 Defendant-Respondent.

_____

    Submitted April 26, 2021 – Decided May 18, 2021

    Before Judges Mayer and Susswein.

    On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1223-18.

    Garces, Grabler & Lebrocq, PC, attorneys for appellant (Arlindo B. Araujo, on the briefs).

    Marlo J. Hittman, attorney for respondent.

PER CURIAM

  Plaintiff Richard Repack appeals from a February 28, 2020 order denying his motion to vacate a November 13, 2018 Dual Final Judgment of Divorce

(DFJOD) to seek an annulment of his marriage to defendant Ilona Akimova. We affirm.

Plaintiff, a New Jersey resident, met defendant, a citizen of Russia, in 2009. On August 8, 2012, the parties married in Italy. After the marriage ceremony, plaintiff claimed the parties rarely saw each other, spending roughly two weeks physically living together. He also contended the marriage was never consummated.

According to plaintiff, in October 2015, after defendant obtained her "Alien Registration Card in November 2014," she sought to end the marriage. The parties separated soon thereafter. Plaintiff claimed defendant married him solely to obtain permanent legal status in the United States.

Defendant portrayed the marriage differently. She claimed the parties lived together starting in September 2014, as soon as she was "lawfully allowed to do so" based on her immigration status. Defendant wanted a "complete marriage," including children. According to defendant, the parties had a "normal marriage" for a brief time, including consummation of the marriage. In addition, defendant explained, as a married couple, they vacationed, went out to dinner, and resided in the same home.

A-3014-19

Due to various marital issues, the parties separated in 2015. Defendant alleged plaintiff became "emotionally distant" and encouraged her to leave the house. She also stated plaintiff's behavior became "extremely unsettling" and "hostile."

On December 13, 2017, plaintiff filed a complaint for "annulment or divorce." In his complaint, plaintiff asserted the following claims: annulment, divorce by irreconcilable differences, fraud in the inducement, breach of the implied covenant of good faith and fair dealing, deceit, breach of contract, marital tort claims under Tevis v. Tevis, 79 N.J. 422 (1979), and unjust enrichment. Plaintiff's complaint alleged the marriage was never consummated and defendant owed him money. Defendant filed a responsive pleading, and the parties exchanged discovery.

On November 13, 2018, the parties appeared in court with their counsel. The parties, through counsel, advised the Family Part judge the matter settled. Consequently, the judge questioned the parties regarding the settlement and granted a DFJOD, incorporating and attaching a handwritten settlement signed by parties.[1] According to the settlement, the "parties agree[d] to divorce on

---

[1] The record did not include a transcript of the November 13, 2018 divorce proceeding before the judge.

A-3014-19

mutual irreconc[lia]ble differences" and "agree[d] to mutually waive any and all claims" against each other. Plaintiff specifically agreed to the dismissal of his annulment claim. The DFJOD reflected "the [c]ourt took no testimony as to the merits of the settlement, and ma[de] no judgment with respect to it, except that the parties entered into it freely and voluntarily, and that it [wa]s therefore binding and enforceable."

On October 15, 2019, plaintiff filed a motion under Rule 4:50-1 to set aside the DFJOD and seek an annulment. Plaintiff argued he was entitled to vacate the DFJOD because defendant accepted a proposal to remarry during the pendency of the divorce action and then married a woman less than a year after the entry of the DFJOD. Defendant opposed the motion.

On February 28, 2020, the motion judge denied plaintiff's motion. In his written statement of reasons, the judge explained "[T]he court does not find plaintiff's argument pursuant to R. 4:50-1 . . . valid."[2] The judge found plaintiff's argument was "unsupported by the facts." He "note[d] the parties were married for approximately eight years, went on various trips together and[,] at one point, lived together." Consequently, the judge deemed plaintiff's argument the

---

[2] Because plaintiff failed to present any arguments in support of vacating the DFJOD under Rule 4:50-1(a) and (e), the judge declined to "consider vacating the DFJOD under these provisions."

marriage was never consummated based on "'newly discovered evidence" unpersuasive.

The judge also rejected plaintiff's argument the DFJOD should be vacated under Rule 4:50-1(c) because defendant defrauded him by marrying a woman and was allegedly engaged to that woman during the marriage. The judge found plaintiff's argument "nonsensical." He concluded plaintiff's insinuation of fraud based on defendant's alleged relationship with another person while the parties were married was "unpersuasive." In addition, the judge held plaintiff failed to set forth "any other reason which would justify vacating the parties['] DFJOD, pursuant to R. 4:50-1(f)."

Plaintiff appealed the February 28, 2020 order denying his motion to vacate the DFJOD.[3] On appeal, plaintiff argues the judge erred in denying the motion because there was "newly discovered evidence that his then wife admitted . . . she had accepted a marriage proposal . . . while still[] married to him." Plaintiff asserts this new evidence "supported his contentions that the marriage was never consummated and fraud was perpetuated on him." He also claims the judge considered "extraneous filings[] in violation of the rules of the

_____

[3] Our review is limited to the February 28, 2020 order denying plaintiff's motion to vacate the DFJOD because plaintiff never appealed the November 13, 2018 divorce judgment.

5                                                                                  A-3014-19

court," denying his right to due process. We disagree with plaintiff's arguments and affirm the judge's denial of the motion to vacate the DFJOD.

Appellate courts should defer to a trial court's "disposition of a motion under Rule 4:50-1" absent a "'clear abuse of discretion.'" Carrington Mortgage Servs., LLC v. Moore, 464 N.J. Super. 59, 67 (App. Div. 2020) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283-84 (1994)).

Pursuant Rule 4:50-1(a) through (e), a court is authorized to relieve a party from a final judgment or order based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, a finding the judgment or order is void, or the judgment or order has been satisfied. Subsection (f) of the Rule, known as the catchall provision, authorizes relief from a judgment or order for "any other reason justifying relief . . . ."

Here, the judge correctly denied plaintiff's motion to vacate the DFJOD based on plaintiff's failure to satisfy any of the grounds under Rule 4:50-1.

We disagree with plaintiff's contention there was newly discovered evidence under Rule 4:50-1(b) to vacate the DFJOD. Plaintiff's complaint included a request for annulment of the marriage because the marriage was never consummated. However, plaintiff abandoned that claim as part of the written settlement agreement incorporated into the DFJOD. Our courts favor use of

6

consensual agreements to resolve controversies, and "[s]ettlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016).  If, as plaintiff argues, the marriage was never consummated, plaintiff waived the ability to pursue such relief by signing the settlement agreement.  Moreover, defendant's subsequent remarriage, whether the marriage was to a person of the same sex or opposite sex, has no bearing on the consummation of the parties' marriage.

We also reject plaintiff's fraud argument pursuant to Rule 4:50-1(c). Plaintiff argued defendant's engagement while the couple were separated but still married and defendant's remarriage to a person of the opposite sex after the divorce was finalized constituted fraud.  Even assuming defendant's engagement occurred prior to the entry of the DFJOD, defendant's relationship with another person during the marriage does not support of finding of fraud.[4]  Infidelity may constitute a basis for granting a divorce but does not establish fraud for setting aside a final judgment of divorce.

---

[4] The sexual orientation of any individual with whom defendant may have had a relationship with prior to the parties' DFJOD is irrelevant to the judge's rejection of the argument defendant committed fraud during the marriage.

In addition, plaintiff failed to cite any authority defendant's marriage to a person of the same sex constituted fraud as a matter of law. Such an argument contravenes the Supreme Court's determination in Lewis v. Harris, 188 N.J. 415, 423 (2006), concluding the denial of "rights and benefits to committed same-sex couples that are statutorily given to their heterosexual counterparts violates the equal protection guarantee of Article I, Paragraph 1."

We next consider plaintiff's argument the judge erred in considering "extraneous filings" in denying his motion to vacate the DFJOD. We reject plaintiff's assertion his due process rights were violated.

There is nothing in the record indicating the judge relied on "extraneous material" in denying plaintiff's motion to vacate the DFJOD. In fact, there is no mention in the judge's statement of reasons citing to "extraneous material" provided by defendant in opposition to plaintiff's motion. The judge considered plaintiff's arguments and applied Rule 4:50-1 in concluding plaintiff failed to meet his burden to vacate the DFJOD.

We also reject plaintiff's argument the judge erred in failing to conduct oral argument on his motion. Here, the judge concluded "the papers submitted in this matter . . . provide a sufficient basis to make this decision on the papers . . . ." Oral argument in family actions need not be granted if the court is satisfied

the motion is made for the purpose of abusing the system and other parties. Kozak v. Kozak, 280 N.J. Super. 272, 278 (Ch. Div. 1994) (holding matters "sparked by a personal vendetta" do not compel oral argument). The judge expressly found plaintiff's arguments in support of vacating the DFJOD "nonsensical," implying plaintiff's motion sought retribution for defendant's rejection of him.

In addition, where a motion fails to present substantive issues, a Family Part judge is accorded "the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision." Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)). Family Part judges may "dispense with what is regarded as unnecessary or unproductive advocacy." Ibid. (quoting Fusco, 186 N.J. Super. at 328-29) Because plaintiff presented no meritorious arguments requiring oral argument, the judge did not abuse his discretion in disposing of the motion on the papers submitted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3014-19