**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2094-24

LVNV FUNDING LLC A/P/O
HOUSEHOLD BANK (SB) N.A.,

    Plaintiff-Respondent,

v.

VANESSA MARTINEZ,

    Defendant-Appellant.

_____

          Argued April 27, 2026 – Decided May 13, 2026

          Before Judges Sabatino and Bergman.

          On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-016742-07.

          Yongmoon Kim argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim, Mark Jensen, and Nick Gagua, on the briefs).

          Jacquelyn A. DiCicco (J. Robbin Law PLLC) argued the cause for respondent (Austin Patrick O'Brien, on the brief).

PER CURIAM

Defendant Vanessa Martinez appeals from a Special Civil Part order denying her motion to vacate a default judgment entered in favor of plaintiff LVNV Funding, LLC in December 2007. Defendant contends the trial court erred in denying her motion claiming she was not properly served the summons and complaint and did not receive notice of the lawsuit or judgment until June 2024. We affirm.

I.

On September 24, 2007, plaintiff filed a debt collection complaint seeking $1,736.26 from defendant for unpaid revolving credit card charges. At the time of the complaint filing, defendant's address contained in plaintiff's account file was at an apartment on Kearney Street in Paterson. On October 4, 2007, the Special Civil Part Clerk sent a copy of the summons and complaint to defendant at the Kearney Street address by way of regular and certified mail with return receipt requested. On October 23, 2007, the Clerk received the Return of Service of the certified mail marked as "unclaimed," and the regular mailing was not returned. No answer was filed. Subsequently, plaintiff requested and was granted a default judgment against defendant in the amount of $1,852.69, consisting of the charged-off debt owed plus accrued interest and costs as of December 2007.

A-2094-24

In November 2024, defendant moved to vacate the judgment, representing in a certification that at the time of service and entry of the judgment, she no longer had resided at the service address, and she moved from that address in 2003. Defendant certified she resided at multiple addresses before eventually relocating to Puerto Rico with her children in 2006 due to personal hardship. While living in Puerto Rico, defendant arranged for her tax preparer, Jorge Cano, whose accounting office was located on Crooks Avenue in Clifton, to allow her to use that location as her mailing address due to the instability of her living situation. She returned to New Jersey in the summer of 2007 but lived at different addresses until finally settling at a Broadway Street address in Paterson in November 2009.

Defendant asserts that she never received notice of the lawsuit or default judgment until approximately June 24, 2024, when Cano—who was still serving as her tax preparer—received mail addressed to defendant concerning a Notice of Application for Wage Execution at the Crooks Avenue address.

Plaintiff opposed the motion, arguing the complaint had been mailed to the address on her credit account, the Special Civil Part Clerk's certified mail went unclaimed, and the regular mail had not been returned as undeliverable. Plaintiff also contended defendant's motion was untimely.

3

On January 31, 2025, without holding oral argument, the trial court entered an order denying defendant's motion, finding that although an application to vacate a default should be "construed liberally," the defendant moved to vacate default judgment over sixteen years after its entry, and she failed to show good cause. Further, the court noted that while defendant contended she moved frequently, she was properly served with the complaint in September 2007 when she returned to the United States.

On appeal, defendant contends the trial court abused its discretion by (1) "citing to unpublished decisions in violation of [Rule] 1:36-3[;]" (2) "by failing to hold oral argument in violation of [Rule] 1:6-2[;]" and (3) in denying defendant's "motion by misconceiving applicable law and misapplying it to the factual record." We reject defendant's contentions for reversal.

## II.

We review a trial judge's determination on a motion to vacate a default judgment under Rule 4:50-1 for "a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under the rule warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." Ibid. To warrant reversal, the movant must demonstrate that the motion judge's "decision [was] 'made without a

A-2094-24

rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)); see also BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021) (finding that "a trial court mistakenly exercises its discretion when it 'fails to give appropriate deference to the principles' governing the motion [or] relies 'upon a consideration of irrelevant or inappropriate factors'") (internal citations omitted).

We initially address defendant's procedural contentions that the court erred by relying on unpublished cases and by not holding oral argument. Under Rule 1:36-3, "except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law, no unpublished opinion shall be cited by any court." Unpublished cases are non-precedential and non-binding. Ibid.

We conclude defendant's argument related to citation to unpublished cases lacks sufficient merit to warrant an extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only notwithstanding the court's citation to unpublished decisions, a review of the record supports the denial of defendant's

motion based on the reasons we set forth later in this opinion related to the substantive issues surrounding service of process.

Concerning defendant's claim of error based on the court's failure to hold oral argument, the trial court mistakenly found, "[o]ral argument was not requested for this matter," when in fact, defendant's motion stated, "oral argument is waived on this motion unless opposition is filed and as may be directed by the Court." (emphasis added). Plaintiff opposed the motion, which defendant contends triggered their request for oral argument.

Rule 1:6-2(d) states:

> [N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.

A trial court can dispense with a request for oral argument if "special or unusual circumstances" exist. Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997). Further, where a request for oral argument is "repetitive, frivolous [or] unsubstantiated," the trial court may, in its discretion, deny the party's

request.  See Kozak v. Kozak, 280 N.J. Super. 272, 274-76 (Ch. Div. 1994); see also Spina Asphalt Paving Excavating Contractors, Inc. v. Borough of Fairview, 304 N.J. Super. 425, 427 n.1 (App. Div. 1997) (noting that while the trial court provided no justification for the failure to hold oral argument, in violation of Rule 1:6-2(d), there was no prejudice suffered, rendering remand inappropriate).

Although we do not approve of a court not holding oral argument when properly requested under Rule 1:6-2(d), here the trial court's failure to hold argument was apparently unintentional, as it appears the court mistakenly believed oral argument was not requested.  Based on our review of the record, and our determinations made hereafter related to the alleged deficient service of process raised by defendant, we conclude defendant was not sufficiently prejudiced by the court not holding oral argument.  Because we conclude defendant's substantive arguments lack sufficient support based on the reasons set forth below, we determine a remand to hold oral argument would be futile under the factual circumstances herein.

In her final argument, defendant contends the trial court improperly assessed her motion under the "good cause" standard, rather than the appropriate standard set forth at Rule 4:50-1, which governs defective service of process.  Defendant emphasizes that under Rule 4:50-1(d), if defective service renders a

7                                                                A-2094-24

judgment void, there is no requirement to assert a meritorious defense, and similarly, Rule 4:50-1(f) does not require such a showing because it is meant for exceptional circumstances where equity and justice demand relief. Defendant asserts that by the court applying the incorrect standard, it abused its discretion requiring reversal. We are not persuaded that reversal is warranted.

Rule 6:2-3(d)(1), governs service of process in the Special Civil Part and provides, "[t]he clerk of the court shall simultaneously mail . . . such process by both certified and ordinary mail." "[S]ervice by mail shall have the same effect as personal service, and the simultaneous mailing shall constitute effective service unless the mail is returned to the court by the postal service with a marking indicating it has not been delivered." R. 6:2-3(d)(4). "[I]f the certified mail is returned to the court marked 'unclaimed' or 'refused,' service is effective provided that the ordinary mail has not been returned." Ibid.

Rule 4:50-1, in pertinent part, states:

> On motion, with briefs, and upon such terms as are just,
> the court may relieve a party . . . from a final judgment
> or order . . . (d) [where] the judgment or order is
> void . . . or (f) any other reason justifying relief from
> the operation of the judgment or order.

"A default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper

8

notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (clarifying when a judgment will be set aside under subsection (d)). Subsection (f) requires the movant to show "exceptional circumstances" and the court "may consider the movant's delay, the justification for its request, and potential prejudice to the responding party." BV001 REO Blocker, 467 N.J. Super. at 126.

Furthermore, and importantly, the motion must be made within a reasonable time. R. 4:50-2. "[A] reasonable time is determined based upon the totality of the circumstances." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Additionally, "[t]he trial court has the discretion to consider the circumstances of each case." Ibid.

Although the trial court did not thoroughly analyze the motion based on the Rule 4:50-1 standard and utilized the lack of good cause as its basis for denial, we conclude that facet of its analysis was harmless. "It is well settled that a trial court's order or judgment may be affirmed for reasons other than those expressed by the judge." Price v. N.J. Mfrs. Ins. Co., 368 N.J. Super. 356, 359 n.1 (App. Div. 2004) (citing Ellison v. Evergreen Cemetery, 266 N.J. Super. 74, 78 (App. Div. 1993)). "[I]f the order of the lower tribunal is valid, the fact

that it was predicated upon an incorrect basis will not stand in the way of affirmance." Isko v. Planning Bd. of Livingston, 51 N.J. 162, 175 (1968).

Based on our review of the record, defendant has not shown sufficient grounds to vacate the judgment. The clerk of the Special Civil Part served the summons and complaint upon defendant by certified and regular mail to her last known address in accordance with court rules applicable to the Special Civil Part. Service was duly effectuated on defendant in accordance with Rule 6:2-3(d)(4) when it was returned as "unclaimed" and the ordinary mail was not returned. Plaintiff served her at her last known address provided by defendant as contained in its file. Defendant notably failed to submit a change of address to the post office when she moved to Puerto Rico prior to the date of service. In addition, multiple documents, including her tax returns, filed in or about 2007 provided the address utilized by defendant for service. Based on the foregoing, we conclude plaintiff took appropriate steps to serve defendant in 2007. Defendant's motion to vacate the default judgment, premised upon Rule 4:50-1(d) and filed sixteen years after entry of the default judgment, was not submitted within a reasonable time as required by Rule 4:50-2, nor were exceptional circumstances demonstrated under Rule 4:50-1(f). We recognize

A-2094-24

defendant claims she never received timely service, but she nonetheless fails to overcome the presumption that the method of service was legally proper.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2094-24